## KANSAS CITY SOUTHERN RY. CO. v. WOOD, Co. Treas.

No. 17633.    Opinion Filed Sept. 13, 1927.

(Syllabus.)

**1. Municipal Corporations—Public Utilities Owned by City—Statute Requiring Service Rates Gradually Retiring Bonds not Applicable to Towns of Less Than 2,000 Population.**

That part of section 4507, C. O. S. 1921, which makes it the duty of cities to fix rates

charged for service to the public from utilities owned by the city, "so as to pay the interest and not less than three per cent. per annum on the principal of such bonds in excess of the expenses of maintenance and operation," does not apply to municipal corporations of less than 2,000 inhabitants.

## 2. Pleading—Petition on Demurrer—Facts not Alleged Assumed Nonexistent.

When a petition is challenged by a demurrer, if material facts are not alleged in said petition, it will be assumed that they do not exist.

## 3. Evidence—Judicial Notice of Population of Cities and Towns in State.

This court will take judicial notice of the population of cities and towns in this state.

Commissioners' Opinion, Division No. 1.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by the Kansas City Southern Railway Company again E. H. Wood, County Treasurer, to recover alleged illegal taxes in the towns of Stilwell and Westville. Judgment for defendant, and plaintiff appeals. Affirmed.

James B. McDonough, for plaintiff in error.

W. A. Corley, Co. Atty., and Williams & Martin, for defendant in error.

Lydick, McPherren & Jordan, Stone, Moon & Stewart, Stuart, Cruce & Franklin, E. T. Miller, Adelbert Brown, and Gordon Stater, amici curiae.

FOSTER, C. This is an action filed in the district court of Adair County by the Kansas City Southern Railway Company against E. H. Wood, county treasurer of Adair county, to recover an alleged illegal payment of taxes made by the plaintiff for the year of 1925. The taxes were paid under protest, and suit brought to recover the same as provided by law.

The material parts of the petition which involve the question presented to this court are, in substance, as follows:

That a levy of 29.56 mills for the sinking fund of the city of Westville was made for the year ending June 30, 1925, and that the same was illegal and void to the extent of 13.84 mills, for the reason that the board of trustees failed to comply with sections 4415 and 4507, C. O. S. 1921, in that they failed to fix a rate charged to consumers of water and electric lights sufficient to pay three per cent. of the principal and the interest on bonds issued in said city for the purpose of constructing a water system and light plant; that if the said rate had been fixed their taxes would have been reduced in said amount.

The same allegations apply to the city of Stilwell, in said county, with the exception that if the rate had been charged in that city as required by the sections above referred to, the levy against the property of the plaintiff would have been reduced in the sum of 12.98 mills, and that therefore said levy was illegal and void.

The defendant filed a general demurrer to the petition, which demurrer was by the district court of Adair county sustained, and the plaintiff elected to stand on its petition, and files its appeal in this court.

While the plaintiff in error relies upon many sections of the statute, and upon several different provisions of the Constitution for recovery in this case, it is only necessary, in our opinion, to consider sections 4507 and 4415, C. O. S. 1921.

Section 4507, C. O. S. 1921, is as follows:

"Every municipal corporation within this state shall have the right to engage in any business or enterprise which may be engaged in by a person, firm or corporation by virtue of a franchise from said corporation. and every city containing a population of more than two thousand inhabitants shall have the right and power to acquire, own and maintain, within or without the corporate limits of such city, real estate for sites and rights of way for public utility and public park purposes, and for the location thereon of waterworks, electric light and gas plants. hospitals, quarantine stations, garbage reduction plants, pipe lines for the transmission and transportation of gas, water and sewerage, and for any plant for the manufacture of any material for public improvement purposes, public buildings, and for all such purposes shall have the power to exercise the right of eminent domain, either within or without the corporate limits of such city, and to establish, lay and operate any such plant or pipe line upon any land or right of way taken thereunder; and shall have and exercise the right to manufacture any material for public improvement purposes, and to barter or exchange the same for other material to be used in public improvements in such city, or to sell the same to other cities for like purposes and for any or all such purposes, in order to raise means to carry out the same, shall have power to issue and sell bonds, bearing interest not to exceed six per centum, per annum, maturing in twenty-five years, and redeemable at will in not less than ten years, and whenever any such public improvement shall have been constructed by means derived from the sale of bonds. as above provided, it shall be the duty of such city, to

fix the rates charged for service to the public, as nearly as practicable, so as to pay the interest and not less than three per centum, per annum, on the principal of such bonds in excess of the expenses of maintenance and operation: Provided, that whenever it shall be found impracticable to issue bonds as above provided for any improvement deemed by **such city** necessary for the public welfare, without increasing the total indebtedness of such city beyond the constitutional limit, it shall be lawful for such city to lease at a stipulated rental any public improvement or utility from any person, firm or corporation which will contract to furnish the same; provided, further, that any such rental contract shall reserve to such city the option to purchase such improvement or utility in future." (Emphasis ours.)

The act. of which the above is a section, was passed by the Legislature in 1907, and the title of the same is as follows:

"An Act to enable all cities containing a population of more than 2,000 inhabitants to frame and adopt charters for their own government, and to extend and define their powers." Session Laws, 1907, page 190.

Section 4415, C. O. S. 1921, is as follows:

"The city council of such city and the board of trustees of such town in connection with the mayor or president of said board shall have the power and authority, **and it shall be their duty,** to fix the rate of water rents or taxes to be paid by the consumer, and to ordain such rules and regulations. with appropriate penalties for the violation thereof, as such council or board of trustees may deem proper for the regulation and protection of **said** waterworks." (Emphasis ours.)

From a careful reading of the above statutes, it is our opinion that the provision contained therein, requiring cities to levy such a rate to the public for water and light sufficient to pay three per cent. per annum on the principal of the bonds issued for the purpose of constructing water systems and electric light plants, and in addition thereto to pay the interest on said bonds, if constitutional, does not apply to municipal corporations of less than 2,000 inhabitants.

It is true that the first part of section 4507, above quoted, contains the provision that "Every municipal corporation within this state shall have the right to engage in any business or enterprise which may be engaged in by a person. firm or corporation by virtue of a franchise from said corporation," but immediately following this part of said section there appears the following:

"And every city containing a population of more than 2,000 inhabitants shall have the right," etc.

This section then proceeds to set out the rights and powers of such cities to do certain things, and one of the duties that it sets out is to fix the rates which, in this case, it is admitted that the cities of Stilwell and Westville did not do. There is no paragraph nor even a period from this provision to the end of the entire section, and in each case the statute refers to "such city." when, in our opinion, if the Legislature had intended that it should refer to "all cities," it would have used the word, "any," "every," or "all."

This conclusion, we think, is supported by the terms of the title of the act as above set out:

"An Act to enable all cities containing a population of more than two thousand inhabitants," etc.

Since both the title to the act and the wording of the section relied upon refer to cities of more than 2,000 inhabitants, we can come to no other conclusion than it was intended by the Legislature that cities of less than 2,000 inhabitants should not be included in that part of section 4507, supra, requiring a rate to be fixed sufficient to pay interest and three per cent. per annum on the principal of the bonds.

Plaintiff in error, in its brief, relies upon the provisions of section 4415, above quoted, and contends that it was never the intention of the Legislature that water should be furnished free to inhabitants of any city.

It is true that by the terms of section 4415, it becomes the duty of the council or board of trustees to fix the rate of water rents or taxes to be paid by the consumer as they "may deem proper for the regulation and protection of said water works."

We are unable to follow the reasoning of the learned counsel for plaintiff in error that this provision supports his contention that the cities and towns of this state should fix a rate sufficient to pay the principal of the bonds and interest thereon, or any part of the same, unless section 4507 is construed therewith.

It might plausibly be contended that cities and towns of any size in the state of Oklahoma are required to fix some kind of water rates, but certainly under the provisions of section 4415, this is a matter within the discretion of the city council or board of trustees; and it is very probable that a reasonable rate might be a rate only sufficient

to pay the operating expenses. There is no allegation in this petition that Stilwell and Westville did not fix a rate, or that the rate was not reasonable; the only contention being that the rate was not sufficient to pay the interest and three per cent. per annum on the principal of the bonds.

It is not alleged in the petition that Stilwell and Westville are towns of more than 2,000 inhabitants. There is no allegation in the petition concerning the population whatsoever. In order for a petition to be good against a demurrer it must allege every necessary fact to entitle the plaintiff to recover, or it will be assumed that the facts do not exist. Choctaw, Oklahoma & Gulf Ry. Co. v. Swirtz, 13 Okla. 411, 73 Pac. 941; Fretz v. City of Edmond, 66 Okla. 262, 168 Pac. 800.

It will, therefore, be assumed, since there is no allegation to the contrary, that the cities of Westville and Stilwell are less than 2,000 inhabitants.

In addition thereto, this court will take judicial notice of the fact that these towns, to wit, Stilwell and Westville, are less than 2,000 inhabitants.

In the case of St L. & S. F. Ry. Co. v. Williams, 25 Okla. 662, 107 Pac. 428, Justice Williams, in the body of the opinion, page 670, said:

"This court as well as the corporation commission, takes judicial knowledge of the population of the counties, towns and cities located in such counties traversed by this railroad as shown by the special federal census of July 1, 1907, especially after its adoption by an act of the Legislature."

To the same effect are the following cases: Arnold v. Campbell, 3 Ind. Ter. 551; Ex parte Shaw, 4 Okla. Cr. 432, 113 Pac. 1062; 16 Cyc. 87.

The Oklahoma Legislature has adopted the federal census as the official census of the state, and of counties, municipalities, or subdivisions thereof, for all official purposes. Section 4342, C. O. S. 1921.

The federal census showing the population of Stilwell and Westville to be less than 2,000 inhabitants, it would be impossible for the plaintiff to truthfully allege in its petition that these towns were controlled by section 4507, C. O. S. 1921.

Plaintiff in its brief relies upon section 9699, C. O. S. 1921, which provides, among other things, that before any levy can be made, the amount of income from other sources than ad valorem taxation must be deducted, and contends that since Stilwell and Westville did not make a rate for water and light sufficient to pay the interest and three per cent. per annum on the bonds, and the excise board failed to deduct from their estimate before making the levy, that this supports its contention—construed with the other sections—that the levy was illegal.

We cannot see how plaintiff in error is aided in any way by this section. Plaintiff fails to quote, in discussing this section, the proviso, which reads as follows:

"Provided, that in no event shall the amount of such estimated income exceed the actual collections from such source for the previous fiscal year."

There is no allegation in the petition that any amount was collected from rates charged for water and rent for the previous year, and therefore neither the excise board of Adair county, nor the city council of Stilwell and Westville, was authorized to make any deductions under the provisions of section 9699.

We do not wish to be understood as holding that cities of less than 2,000 are not authorized to fix rates charged for water and lights sufficient to pay the operating expense, and in addition thereto to pay interest and part of the principal on bonds for the construction of said water and light plants, if, in the opinion of the city council or board of trustees of such towns, said rates for water and light would be reasonable; but we do think that such towns, that is, towns under 2,000 inhabitants, are not required by the provisions of our law to fix such rates.

It is contended by plaintiff that the petition shows that no water rates were fixed by these towns at all for the year in question. We do not think the petition justifies such a conclusion. Under the provisions of section 4415, it is made the duty of the council and board of trustees in cities and towns of this state to fix rates; and it will be assumed, in the absence of an allegation to the contrary, that the towns of Westville and Stilwell followed the law and did fix rates for the year in question.

Construing all of these sections together, we think the towns of Stilwell and Westville, being towns of less than 2,000 inhabitants, were not required to fix such rates as would be sufficient to pay the interest and three per cent. per annum on the principal of the bonds.

The question presented in this case, of whether or not section 4507 is unconstitutional because it is in violation of sections

26 and 27 of article 10 of the Constitution, or whether it is unconstitutional for any other reason, we deem it unnecessary to decide in this case since we think the plaintiff does not bring itself within the provisions of the statute even though the statute be constitutional.

The district court of Adair county, in sustaining the demurrer, is therefore affirmed.

BENNETT, TEEHEE, LEACH, and REID. Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. p. 1640. (2) 31 Cyc. p. 86. (3) 23 C. J. p. 162, §1987; 15 R. C. L. p. 1091; 3 R. C. L. Supp. p. 532; 5 R. C. L. Supp. p. 868.