## ST. LOUIS-SAN FRANCISCO RY. CO. v. MOORE, County Treasurer.

Circuit Court of Appeals, Eighth Circuit.
March 27, 1928.

No. 7700.

I. Courts ⬅══366(I)—Decisions of state Supreme Court, construing state Constitution, ·must be followed by federal court.

Decisions of Supreme Court of state, con-·· struing provisions of the state Constitution, must be followed by federal court.

2. Counties ⬅══190(2)—Oklahoma township, issuing bonds payable in 20 years, may levy only one-twentieth of amount necessary for sinking fund in any one year (Const. Okl. art. 10, §§ 26, 28).

Under Const. Okl. ·art. 10, §§ - 26, 28, township, issuing bonds payable serially in 20 years from date of issuance, has power to levy in any one year only one-twentieth of amount necessary to provide sinking fund.

3. Municipal corporations ⬅══985—Oklahoma towns of less than 2,000 population need not· apply surplus of waterworks plants to interest and sinking fund of construction bonds (Const. Okl. art. 10, § 27; Comp. St. Okl. 1921, § 4507).

Under Const. Okl. art. 10, § 27, town of less than 2,000 population, operating waterworks for which it had issued bonds, was not required to apply surplus over operating expenses to the interest and sinking fund of bonds issued for construction thereof; Comp. St. Okl. 1921, § 4507, having no application to towns with such population.

In Error to the District Court of the United States for the Eastern District of Oklahoma; John H. Cotteral, Judge. .

Action by the St. Louis-San Francisco Railway Company against J. A. ,Moore, County Treasurer of Bryan County, Oklahoma. Judgment for defendant, and plaintiff brings error. Affirmed in part, and in part reversed, with directions.

E. T. Miller, of St. Louis, Mo., and C. B. Stuart, M. K. Cruce, and Ben Franklin,

all of Oklahoma City, Okl., for plaintiff in error.

A. A. McReynolds, of Idabel, Okl., and Wallace W. Gates, of Durant, Okl., for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and KENNEDY, District Judge.

STONE, Circuit Judge. This is an action at law in 16 counts or causes of action for the recovery of taxes paid under protest and alleged to have been illegally collected. Before the trial of the case, 11 of the causes of action had been satisfactorily disposed of by the parties, and therefore were not involved in the judgment below.

## I.

Of the 5 causes of action determined by the trial court, 3 of them (8, 14, and 16) relate to levies made respectively for the benefit of Bennington township, school district No. 66 and school district No. 40, all within Bryan county. Each of these three causes of action presents the same legal question which is as follows: Where a township or school district has a bonded indebtedness coming due serially at different periods, can the taxing authorities, for the purpose of establishing a sinking fund to pay the principal thereof, levy and collect each year more than the amount necessary to meet the next series of bonds becoming due? The facts of the eighth cause of action are typical of all and may be stated to show the manner in which the above question has arisen.

[1, 2] In that instance, Bennington township executed, in 1916, a total issue of $25,000 in bonds, which were serially payable as follows: $8,000 in 1926, $8,000 in 1931, and $9,000 in 1936. In its tax levy to provide the interest and sinking fund for this indebtedness, the taxing authorities for the year 1924 made a levy to cover not only the entire interest for that year and one-tenth of the principal as a sinking fund to provide payment for the $8,000 in bonds coming due in 1926 (concerning which two items there is no controversy here), but it made an additional levy of one-fifteenth of the principal of the $8,000 due in 1931 (15 years after issue) and one-twentieth of the principal of the $9,000 in bonds due in 1936 (20 years after the issue thereof). The controversy as to this cause of action is as to the right to levy the one-fifteenth and the one-twentieth to provide a sinking fund for the bonds coming due later in the series, the contention of plaintiff being that the

entire issue being for 20 years, only one-twentieth of the amount necessary to provide a sinking fund can legally be levied in any one year. The law relied upon by plaintiff for this contention is that contained in sections 26 and 28, article 10, of the Oklahoma Constitution. The trial court found against this contention, but subsequent to the judgment below two cases have been decided by the Supreme Court of the state of Oklahoma which rule this matter to the contrary and must be followed by this court. Those cases are Missouri, K. & T. R. Co. v. Goad, 117 Okl. 129, 245 P. 617, and St. Louis–San Francisco Ry. Co. v. Bailey, 125 Okl. 183, 257 P. 784. Therefore, the judgment of the court denying recovery on these three causes of action should be reversed with instructions to enter judgment on cause 14 for the amount sought in the petition and on causes 8 and 16 for the lesser amounts conceded by plaintiff in error to be due.

## II.

[3] The two other causes of action (10 and 12) involved a contention of an entirely different character. These two causes concerned towns operating municipally owned waterworks. In each instance bonds had been used in the construction thereof. Section 27 of article 10 of the Oklahoma Constitution provides that cities may acquire or construct and own such public utilities and that they "shall have the power to provide for, and, before or at the time of incurring such indebtedness, shall provide for the collection of an annual tax in addition to the other taxes provided for by this Constitution, sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same." Section 4507 of the Compiled Oklahoma Statutes 1921, which concerns the construction and acquirement of public utilities by cities is, in part, as follows: "Shall have power to issue and sell bonds, bearing interest not to exceed six per centum per annum, maturing in twenty-five years, and redeemable at will in not less than ten years, and whenever any such public improvement shall have been constructed by means derived from the sale of bonds, as above provided, it shall be the duty of such city to fix the rates charged for service to the public, as nearly as practicable, so as to pay the interest and not less than three per centum per annum on the principal of such bonds in excess of the expenses of maintenance and operation."

The contention of plaintiff is that the towns of Bokchito and Bennington did not apply the surplus over the operating expenses of the waterworks plant to the interest and sinking fund of the bonds issued for the construction thereof, but turned the same into the "current expense fund" of the city and expended it therefrom; that such was in violation of section 4507 and that plaintiff was entitled to a reduction of its taxes to the amount they would have been affected had such surplus been properly applied. In the presentation of the matter to the trial court, defendant contended that section 4507 was unconstitutional as violating section 27, article 10, of the Oklahoma Constitution. The trial court adjudged the section to be invalid and denied recovery.

Since the trial of this case, the Supreme Court of Oklahoma has determined in Kansas City Southern Ry. Co. v. Wood, County Treasurer, 126 Okl. 275, 259 P. 262, that section 4507 has no application to cities and towns of less than 2,000 population and the parties here concede that these two towns had less population. Therefore, the judgment of the trial court on these two causes of action can be and should be affirmed, without determination of the constitutional question presented, because section 4507 upon which plaintiff relies is inapplicable to these particular facts.

### Conclusion.

The result from the above is that the judgment on the eighth, fourteenth, and sixteenth causes of action should be reversed with instructions as above and the judgment upon the tenth and twelfth causes of action should be affirmed.

It is so ordered.