[L. A. No. 12556. In Bank.—November 18, 1930.]

EDWARD F. WEHRLE, Appellant, v. BOARD OF WATER AND POWER COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Anderson, Anderson & Sheahan and Trent G. Anderson for Appellant.

Erwin P. Werner, City Attorney, W. Tierney Fox, Assistant City Attorney, and F. M. Bottorff and Carl A. Davis, Deputies City Attorney, for Respondents.

A. L. Bartlett, Walter J. Little, Jess Hessin and Kenneth W. Kearney, *Amici Curiae*.

WASTE, C. J.—Plaintiff, as a taxpayer, brought this action to enjoin the Board of Water and Power Commissioners of the City of Los Angeles from carrying out a proposed plan to acquire by purchase three thousand one hundred privately owned properties in the towns of Lone Pine, Independence, Big Pine and Bishop in the Owens River Valley in Inyo County. The complaint was demurred to on general and special grounds, and the demurrer was sustained with leave to amend. The plaintiff declining to amend, judgment of dismissal followed, from which judgment plaintiff appeals.

It is alleged in the complaint that, after a detailed survey and appraisement of the properties involved, the Board of Water and Power Commissioners "arbitrarily, recklessly, improvidently, injudiciously, and unlawfully increased said appraised values by adding to the values so determined for each separate piece of privately owned property," in three of the locations named, certain percentages of value, making a total of $5,696,334 instead of $4,521,736.58, as originally fixed by the survey and appraisement, and that the commis-

sion is proceeding to acquire the properties according to such increased valuations. A judgment is sought enjoining and restraining the Board of Water and Power Commissioners from purchasing or offering to purchase the properties in accordance with the adjusted prices referred to in the complant, "or otherwise," and restraining the other defendants, who are officers of the city of Los Angeles, from carrying out certain designated details of the purchase.

The demurrer was properly sustained. The defendant Board of Water and Power Commissioners of the City of Los Angeles is a board duly organized pursuant to the provisions of the charter of that city, and has the management, charge, and control of the department of water and power of the city. In particular, the board has the management, charge and control of what is known as the Los Angeles aqueduct, by means of which waters within the Owens River watershed in Inyo and Mono Counties in this state are conveyed approximately 240 miles from a point in the Owens River Valley to the city of Los Angeles for domestic, industrial and other uses by the city and its inhabitants. These waters, consisting of the natural flow of the Owens River and of the underground waters already developed by the board by pumping operations at various points in the Owens River Valley, are regarded not only as of great importance, but almost of necessity in the development of the water supply of the city, and it is essential that its acquisition of the water rights in the valley be not interfered with.

The charter of the city of Los Angeles empowers the department of water and power, of which the defendant board is the administrative and executive head, to acquire anything useful or convenient in connection with the exercise of the city's rights and powers, and to appropriate or use money in or belonging to the water revenue fund of the department for the purchase of lands, water rights and other property, and for the necessary expenses of conducting and extending the business of the department pertaining to such works. It cannot be questioned that, under the law, the board has ample discretion and full power to determine whether or not it is needful or beneficial that the city of Los Angeles acquire water rights appurtenant to the land it is intending to purchase, as alleged in the complaint.

Furthermore, it is not charged in the complaint that there was any fraud in the action of the board in securing the property by the method which it adopted. On the contrary, it is admitted there was no fraud. We think that the question of the price the city should pay for the lots of land and for the accompanying water rights, in the light of the needs of the city and the available water supply secured by the purchase, and all other facts in connection therewith, is a question which must be left entirely to the disposition and judgment of the board. ■ Sections 6 and 8 of article XI of the state Constitution, as amended in 1914, confer ample authority upon the citizens of the city of Los Angeles to make and enforce all laws and regulations in respect to its municipal affairs as they deem proper, subject only to the restrictions and limitations provided in the city charter. The provisions of the charter, in turn, confer ample authority upon the respondent Board of Water and Power Commissioners to take the necessary steps to acquire an adequate water supply. ■ That the supplying of water to its inhabitants is a municipal purpose there can be no doubt. (*City of South Pasadena* v. *Pasadena L. & W. Co.*, 152 Cal. 593 [93 Pac. 490].) And it is the general rule that when a municipal corporation possesses authority to enter into contracts for the supply of water for its own use and for the use of its inhabitants, such contracts, when entered into, may be overthrown by courts only in cases of fraud, abuse or excess of authority, or inequity in the terms of the agreements. (*Marin Water etc. Co.* v. *Town of Sausalito*, 168 Cal. 587, 598 [143 Pac. 767].)

■ This court may take judicial notice of the great increase in the number of inhabitants of the city of Los Angeles, and common knowledge supplies the necessary information as to the need of an adequate water supply for the city and its people. ■ It cannot be questioned that the process of acquiring the water rights appurtenant to more than 3,000 separate parcels of land in the Owens River Valley by condemnation would be a very long and expensive affair. On the other hand, an amicable settlement with all, or the greater portion even, of the property owners in the valley is a matter greatly to be desired; and the acquisition of these valuable rights by direct purchase, without the

necessity of legal steps being taken, seems ample justification for the alleged action about to be taken by the defendants, particularly in view of the fact that it is not charged that such action is either fraudulent or in excess of the authority of the board. ■ It must be presumed that the Board of Water and Power Commissioners, in forming its judgment, considered the wisdom and policy of the whole plan it is here alleged to have adopted in the light of the objects to be attained. (*In re City and County of San Francisco,* 191 Cal. 172, 185 [215 Pac. 549].)

The judgment is affirmed.

Shenk, J., Langdon, J., Curtis, J., Preston, J., Richards, J., and Seawell, J., concurred.