**SIMMS et al. v. O. L. CRIGLER CO.**

**No. 4057.**

Court of Civil Appeals of Texas. Texarkana.

Oct. 8, 1931.

On Rehearing Dec. 24, 1931.

Rehearing Denied Feb. 11, 1932.

Seb F. Caldwell, of Mt. Pleasant, for appellants.

Hiram G. Brown, of Mt. Pleasant, and Shirley W. Peters, of Dallas, for appellee.

WILLSON, C. J. (after stating the case as above).

Appellants insist that to authorize the judgment rendered by the court below it must have appeared, and did not, that the city of Mt. Pleasant had power to issue the paving certificate sued upon, and must have appeared, further, and did not, if the city had such power, that it exercised it in the way provided by law.

■ We do not understand appellants to be in the attitude of denying the existence of power in the city, to enter into the contract with appellee and to issue the certificate, if the city had a right to invoke power conferred by the act 1927 (Gen. and Special Laws, 1st Called Session of the Fortieth Leg., chapter 106, pp. 489 to 495 [Vernon's Ann. Civ. St. art. 1105b, §§ 1–14]) authorizing cities, towns, and villages to improve streets, etc. The contention seems to be that the city did not have a right to look to that act for such power because of the provision in section 15 thereof (Vernon's Ann. Civ. St. art. 1105b note) that it should "not apply to cities not having more than one thousand inhabitants," and the fact, as asserted, that it did not appear the city had more than 1,000 inhabitants. We think the contention is not tenable. Courts take notice, without other proof than that furnished by the census compiled by the federal government, of the population of cities, towns, and villages. 23 C. J. 161, and cases cited in note 84, p. 162; 15 R. C. L. 1129; Smith v. Patterson, 111 Tex. 535, 242 S. W. 749; Urban v. Harris County (Tex. Civ. App.) 251 S. W. 594; Kendall v. Ramsey, 179 Ark. 984, 19 S.W.(2d) 1020; Heather v. City of Palmyra, 311 Mo. 32, 276 S. W. 872; Watts v. State, 215 Ala. 95, 109 So. 762; Angelo v. City of Winston-Salem, 193 N. C. 207, 136 S. E. 489, 52 A. L. R. 663; Ry. Co. v. Wood, 126 Okl. 275, 259 P. 262; State v. Morris, 199 Ind. 78, 155 N. E. 198; In re Gibbs, 51 S. D. 464, 214 N. W. 850; Wehrle v. City of Los Angeles, 211 Cal. 70, 293 P. 67. It appeared from said census that in 1920 Mt. Pleasant had a population of 3,137 and in 1930 a population of 3,627.

Appellants insist, further, that if the city of Mt. Pleasant had such power in any event, it did not appear that requirements of the law indispensable to a right in the city to exercise such power had been complied with and that the judgment complained of was erroneous for that reason.

It was provided in the act of 1927 referred to in the statement above that: "If [quoting] any such certificate [as the one sued on] shall recite substantially [and the one

sued on did so recite] that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required." Section 6 of the act (Vernon's Ann. Civ. St. art. 1105b, § 6).

However, appellants insist that the prima facie evidence furnished by the recitals in the certificate of compliance with the requirements of the law applicable was sufficiently rebutted by evidence they adduced showing noncompliance with such requirements. We do not think so, and overrule the contention. It appears, we think, that care was used to comply with the requirements of said act 1927, and that those requirements were, substantially, complied with. Moreover, if it did not so appear, we think it did appear that appellants' right to assert to the contrary became barred before this suit was instituted. It was provided in said act of 1927 that: "Anyone [quoting] owning or claiming any property assessed, or any interest therein * * * who shall desire to contest any such assessment on account of the amount thereof, or any inaccuracy, irregularity, invalidity, or insufficiency of the proceedings or contract with reference thereto, or with reference to such improvements, or on account of any matter or thing not in the discretion of the governing body, shall have the right to appeal therefrom and from such hearing by instituting suit for that purpose in any court having jurisdiction within fifteen (15) days from the time such assessment is levied; and anyone who shall fail to institute such suit within such time shall be held to have waived every matter which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever. And the only defense to any such assessment in any suit to enforce the same shall be that the notice of hearing was not published or did not contain the substance of one or more of the requisites therefor herein prescribed, or that the assessments exceed the amount of the estimate." Section 9 of the act (Vernon's Ann. Civ. St. art. 1105b, § 9). It appears from evidence in the statement of facts that the assessment in question was levied October 15, 1927, and that appellants' answer in which they question the validity of the proceedings resulting in such levy and in the issuance of the paving certificate sued on was not filed until after September 20, 1929. It appears, further, in said statement of facts, the requirement of the statute as to notice to be given property owners who wished to be heard to contest the validity of said proceedings was complied with, substantially.

■ It appears in the record that by the terms of the paving certificate appellee was to be entitled to recover "reasonable attorney's fees" and costs he might incur in enforcing payment thereof. It appears, further, that after the jury had returned their verdict and had been discharged, the court over appellants' objection permitted appellee to prove and himself found that $150 would be a reasonable attorney's fee. The grounds of appellants' objection was that what was a reasonable attorney's fee was a question of fact which should have been determined by the jury, and which the court was without power to himself determine. We think the action of the court was erroneous as claimed, and that the error is such as to require a reversal of the judgment and a remanding of the cause to the court below for a new trial, unless appellee sees proper to remit the $150 adjudged to him as attorney's fees.

Other contentions are made in appellants' brief, but we think none of them presents error requiring a reversal of the judgment.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial, unless appellee shall within twenty days from the date hereof file with the clerk of this court a remittitur of $150 of the amount of the judgment, in which event the judgment will be affirmed for the amount thereof, less $150.

On Motion of Appellants for Rehearing.

It is insisted in the motion that in paving the streets the city council invoked "the powers conferred by chapter 9, title 28 of the R. S. 1925, commonly known as the general paving law," and that this court erred when it held that the city had a right to look to power conferred by the act 1927 referred to in the opinion disposing of the appeal. The facts with reference to the matter are that while in one of several ordinances adopted by the city council September 7, 1927, it was declared that the assessments on account of the street improvement were to be levied in the exercise of powers conferred by said chapter 9, title 28 (article 1086 et seq.), it was declared in an ordinance adopted September 20, 1927, and again in an ordinance adopted October 15, 1927, that the city also invoked the "powers conferred by chapter 106, page 489, of the Acts of the First Called Session of the 40th Legislature (1927) of Texas [Vernon's Ann. Civ. St. art. 1105b, §§ 1–14, and art. 1105b note] which went into effect on Sep-

tember 5, 1927." Whether in that state of the case and in view of the provision in said act of 1927 continuing in force the provisions in said chapter 9, title 28, and in view of the further provision in said act of 1927, that the powers conferred by it should "exist as alternative powers," the city could invoke only the powers conferred by one of the acts, and if only one, which one, will not be determined, as we have concluded that the judgment was plainly erroneous on another ground and that this court erred when it affirmed it.

It appears in the record that the city council, by ordinances duly adopted and approved September 7, 1927, (1) determined that a necessity existed for paving a street on which property belonging to appellants abutted; (2) ordered the paving to be done; (3) directed how the cost thereof should be ascertained and paid; (4) fixed September 20, 1927, as the time when property owners concerned would be heard on objections they wished to urge, and provided that such hearing should continue from day to day until all who wished to be had been heard. "after which," it was recited. "said hearing shall be closed and assessments thereafter levied"; and (5) directed the city secretary to give notice of such hearing by publication in a newspaper published in the city. It appears, further, that at the time fixed for the hearing, to wit, September 20, 1927, assessments on account of the improvement were made against appellants and other abutting property owners, and, further, that the hearing was closed on that day. It appeared, further, that the ordinance providing for said hearing was repealed by an ordinance adopted and approved October 15, 1927, and that on that day (October 15, 1927), without any other or further notice to property owners, the city council again made assessments against appellants and other property owners on account of said improvement. So the fact is, it appears, which was overlooked when the record was first before us, that the assessment against appellants was without notice to them and without an opportunity furnished them to be heard before same was made. That such notice and opportunity should be given was required by articles 1093 and 1094 of said chapter 9, title 28, hereinbefore referred to, and by section 9 of said act of 1927 (Vernon's Ann. Civ. St. art. 1105b, § 9). It is held that without such notice and opportunity a city is without power to make such an assessment and that an effort by it to levy one is futile. Crabb v. Paving Co. (Tex. Com. App.) 23 S.W. (2d) 300; Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884; Beatty v. Construction Co. (Tex. Civ. App.) 275 S. W. 716; Parsons v. City of Fort Worth, 44 S.W.(2d) 464, decided by this court October 29, 1931.

The judgment heretofore (to wit, on Octo-

ber 8, 1931) rendered by this court affirming the judgment of the court below, will be set aside, the judgment of said court below will be reversed, and judgment will be here rendered that appellee take nothing by its suit against appellants.

## On Motion of Appellee for a Rehearing.

■ A more careful examination of the record shows the ordinance referred to (in the opinion disposing of the motion of appellant for a rehearing) as having been repealed, was not the ordinance of September 7, 1927, designating September 20, 1927, as the day for hearing complaints of abutting property owners, but was the ordinance of said September 20th closing the hearing set for that day. As stated in said opinion, it was provided in said ordinance of September 7th that the hearing set for September 20th should continue from day to day until all said property owners who wished to be had been heard. It appeared in the record that the city council met for said hearing on said September 20th. So, it must be said it appeared that the hearing commenced September 20th continued until October 15, 1927, when, at a recessed meeting of the city council, the order of that date closing the hearing was adopted. The facts as to this phase of the case being as stated above, and not as stated in said opinion, it follows this court erred when it granted appellant's said motion for a rehearing on the ground specified in said opinion. But we think the judgment of the trial court was erroneous on another ground, and that this court therefore did not err when it reversed same. The other ground referred to was the action of the court below in peremptorily instructing the jury to return a verdict in appellee's favor. The assessment on account of the paving was made against appellant as the sole owner of the land, whereas there was evidence tending to show that she owned only an undivided interest in it. It has been held, quoting the syllabus of City of Mexia v. Montgomery (Tex. Civ. App.) 7 S.W.(2d) 594, that a "special paving assessment levied against property and owner of one-half undivided interest therein as sole owner, and which assessment and certificate issued thereunder ignored ownership of other one-half undivided interest by minor" is void. And see City of Ennis v. Telfair (Tex. Civ. App.) 22 S.W.(2d) 327.

Appellee's motion will be overruled. The judgments rendered by this court October 8, 1931, October 22, 1931, and December 10, 1931, will be set aside, the judgment of the court below will be reversed, and the cause will be remanded to the court below for a new trial.

■ In disposing of the motion of appellant for a rehearing referred to above, this court did not undertake to determine the con-

tention therein that appellee could not invoke powers conferred on cities, towns, and villages by the act referred to in the opinion of this court overruling appellant's said motion as chapter 106 of the Acts of the First Called Session of the Fortieth Legislature, which took effect September 5, 1927 (Gen. and Sp. Laws, p. 489 [Vernon's Ann. Civ. St. art. 1105b, §§ 1–14, and art. 1105b note]). In view of the fact that the cause is to be tried again, we have considered that matter, and have reached the conclusion that on the case as it appears in the record sent to this court, appellee had a right to invoke powers so conferred, and now overrule appellant's contention to the contrary.