**GUARANTY MORTGAGE CO. v. HENDRICKS.**

No. 4315.

Court of Civil Appeals of Texas. Texarkana.

April 10, 1933.

Rehearing Denied April 20, 1933.

Geo. T. Burgess, of Dallas, for appellant.

McKinney & Berry, of Cooper, for appellee.

SELLERS, Justice.

On March 29, 1910, the qualified voters of the city of Cooper at an election held for the purpose adopted the provisions of the state paving law, such law now being chapter 9, title 28, R. C. S. 1925 (article 1086 et seq.). Acting under the authority of this law the city commission of the city of Cooper by ordinance determined to pave certain streets within its limits, upon one of which the property involved in this suit abuts, and levied an assessment against the owners of abutting property for their proportionate part of the cost of such improvements. The city through its governing body entered into a contract with the Oliver Construction Company to do the paving and improving of said streets and agreed therein to pay its part of such cost in the following manner:

"Said improvements shall be made and constructed in further accordance with, and under the terms and provisions of the ordinances and proceedings of the City of Cooper, Texas, relating thereto, and the City hereby agrees to make payments to the contractor for the proportion of the cost thereof to be paid by it under the terms of the said proceedings on estimates to be issued by the Engineer, and approved by the Board of Commissioners of said City, all in the manner and at the time provided in said ordinances and proceedings, and in the said specifications, the amounts to be paid by the City shall be paid in interest-bearing warrants, known as 'city of Cooper paving warrants, series 1928,' dated the 29th day of March, 1928, in denomination of five hundred dollars ($500.00) each, and not exceeding fifteen thousand dollars ($15,000.00), due and payable, serially, 1929 to 1948, inclusive, and bearing interest at the rate of six per cent (6%) per annum, payable the 1st day of April, 1929, and thereafter semi-annually, and the City hereby agrees to levy for the current year, and annually thereafter, an ad valorem tax on all taxable property therein sufficient to pay the interest on said warrants and provide a sinking fund sufficient to pay the principal thereof at maturity."

The warrants were duly issued and a tax levied to cover the interest on the warrants and to create a fund for the purpose of paying the principal of said warrants when they should become due. On July 12, 1930, after due notice had been given, the city proceeding under article 1095 sought to correct the mistakes and invalidity in the original assessment by reassessing the property owners for their proportionate part of the cost of the improvements.

This suit is upon a special assessment cer-

tificate for one-third of the sum of $884.16 issued by the city of Cooper to Oliver Construction Company against the property of A. H. Kennamer, the certificate also providing for a lien against said property. J. D. Hendricks, the plaintiff in the trial court, alleged that he was the owner and holder of the certificate and sought judgment for his debt for foreclosure of the lien securing the same against the defendant A. H. Kennamer and Guaranty Mortgage Company. The defendant Kennamer made no answer, but Guaranty Mortgage Company answered that it was the owner of the land involved and denied that plaintiff had any valid lien against the same. The trial before the court without a jury resulted in a judgment for plaintiff against defendant Kennamer for the sum of $476.08 and foreclosing the lien against the property involved and decreeing such lien superior to any claim of the defendant Guaranty Mortgage Company to the property. From this judgment the defendant Guaranty Mortgage Company has duly prosecuted this appeal.

■ Appellant's first assignment of error asserts that the contract entered into between the city of Cooper and Oliver Construction Company is void on its face in that the contract shows that the consideration to be paid by the city for its proportionate part of the cost was not from available funds as required by article 1087 of R. S. 1925; but that payment was to be made by resorting to taxation and that such method could not be construed as coming within the purview of said article. No attack was made upon the legality of the warrants, or the tax levy made by the city to take care of the warrants as they matured. The sole contention, as we understand it, is that such method could not be construed as constituting "available funds" under the statute. This assignment must be overruled. The identical question was before the San Antonio Court of Civil Appeals in the case of Clark v. W. L. Pearson & Co. (Tex. Civ. App.) 26 S.W.(2d) 382, and it was there held that funds thus raised constituted available funds as contemplated by the statute.

■ Appellant's second, seventh, and eighth assignments of error raise the question of the sufficiency of the notice given of the hearing on the reassessment. Article 1093 provides for the notice to be given before an assessment for any part of the cost of such improvement against the property owners can be made. It provides: " * * * Such notice shall be by advertisement inserted at least three times in some newspaper published in the city, town or village where such tax is sought to be levied, if there be such a paper there, if not, then in the nearest to said city, town or village, of general circulation in the county in which said city is located, the first publication to be made at least ten days before the date of the hearing. The governing

body may provide for additional notice cumulative of notice by advertisement."

Article 1098 provides for notice on reassessment. The requirements are: "No such assessment or reassessment, shall be made without at least ten days written notice and an opportunity to be heard on such question of special benefits given to the owner or owners of such abutting property. Such notice may be served either personally or by publication in some newspaper of general circulation, published in said city or town; and the governing body of any such city or town shall have power to provide for all procedure, rules and regulations necessary or proper for such notice and hearing and to levy, assess and collect such assessment or reassessment."

Paragraph six of the ordinance determining the necessity for reassessment provides: "The City Clerk of the City of Cooper, Texas, is hereby directed to give notice to the owners of said parcels of abutting property and to all others in any wise interested therein at the time, place and purpose of such hearing, and of all said matters and things by causing a substantial copy of this ordinance to be published at least three times in a newspaper published in and of general circulation in the City of Cooper, Texas, the first of which publications shall be made at least ten (10) days before the date fixed for such hearing, and by such publication all owners of said parcels of property, whether named herein or not and whether the property be correctly described herein or not, as well as all others in any wise interested in any such property or to be affected by any of said matters shall be and are duly notified. * * *"

On October 8, 1931, W. D. Hart, the publisher of the Cooper Review, made his affidavit in which he stated that the notice was only published twice, to wit: June 20 and June 27, 1930. On the trial of this case the court, over appellant's objection, permitted the witness W. D. Hart to testify that his affidavit made October 8, 1931, was an error in that the notice was in fact published three times as required, and also permitted the introduction of the respective issues of the Cooper Review containing such notices.

We think the statutes and ordinances referred to are too clear to permit of any doubt the method by which notice in such hearings shall be given and that appellant and all other interested parties are required to take notice of such provisions. Neither do we think there was error by the court in permitting the evidence of W. D. Hart that his affidavit was in error and that the notice was in fact actually published as required. It is the fact that the required notice was actually given that authorizes the city commission to hold the hearing and make the assessment, and not that the publisher's affidavit show

such notice to have been given. Appellant's contention to the contrary is, it would seem, based upon the provision of article 1105b, Vernon's Ann. Civ. St., which is an alternative statute passed by the 40th Legislature (1st Called Sess. c. 106), effective September 5, 1927, and which this record shows was never invoked in these proceedings, and is therefore not applicable. Simms et al. v. O. L. Crigler Co. (Tex. Civ. App.) 47 S.W.(2d) 686. And we do not construe the provisions of that article. This also disposes of appellant's third assignment of error which undertakes to invoke the provision of article 1105b. Appellant's other assignments will not be considered for reason that they present matters of irregularity which might be waived by the property owner affected and the right to urge them are lost unless an appropriate suit is filed by the complaining party within twenty days after final action of the city commission, making the reassessment. Simms v. City of Mount Pleasant et al. (Tex. Civ. App.) 12 S.W.(2d) 833. And this, as affirmatively appears, was not done.

Finding no error in the record, the judgment of the trial court is affirmed.