## COPELLAR et al. v. O. L. CRIGLER CO.
### No. 4733.

Court of Civil Appeals of Texas. Texarkana.
Oct. 2, 1935.

Rehearing Denied Oct. 17, 1935.

Seb F. Caldwell, of Mt. Pleasant, for appellants.

Hiram G. Brown, of Mt. Pleasant, for appellee.

HALL, Justice.

Appellee instituted this suit in the district court of Titus county on a certificate of special assessment for street improvements abutting the property alleged to be owned by Miss Nettie Simms in the city of Mt. Pleasant, Tex. Said certificate was issued August 14, 1928, and delivered to the appellee. It was stated that the certificate contained a provision to the effect that all the statutory requirements had been complied with before its issuance and the fixing of the lien attaching thereto, which provision was alleged to be true. Appellee alleged in detail every step taken by the city of Mt. Pleasant in making the special assessment for street improvement, out of which this certificate grew, and prayed for judgment for the amount of his debt, interest, and attorneys' fees, together with the foreclosure of the paving lien.

Appellants answered by demurrer and numerous special exceptions, general denial, and alleged further, that on the dates the city council proposed the pave-

ment and the making of the assessment against the property in question, Nettie Simms was not the sole owner of said property, but owned only an undivided interest therein. Appellants alleged further that no legal notice was published as required by law that would support said assessment, and that said assessment and certificate issued thereunder were void and no lien against said property existed. Numerous other irregularities and omissions of the governing body of the city of Mt. Pleasant in making the assessment for street paving, issuing said certificate, and fixing said lien were alleged.

It appears from the record that the governing body of the city of Mt. Pleasant passed an ordinance, dated September 7, 1928, initiating a paving program, and gave notice, through a newspaper published in said city, to the owners of property, abutting on the streets proposed to be paved, to be and appear at the city hall in Mt. Pleasant at 7:30 p. m., September 20, 1927, for a hearing to be had concerning the pavement of said streets, and said hearing was had at the time and place named in the notice. On September 20, 1927, the governing body of Mt. Pleasant passed an ordinance closing said hearing and making the paving assessments. This ordinance was found to be void, and on October 15, 1927, another ordinance was passed by the said governing body closing the hearing and making the assessment.

A trial was had to the court without a jury, which resulted in a judgment for appellee, from which appellants appealed to this court. The record reflects that Miss Nettie Simms died before this case was tried in the court below, and the present owners of the property in controversy are prosecuting this appeal.

■ One of the contentions of appellants is that no additional notice to the property owners having been given before the ordinance of October 15, 1927, closing the hearing and making the assessment, renders said assessment and lien void. With this contention we do not agree. The hearing ordered in the ordinance of September 7th had not been closed. The void ordinance of September 20th, attempting to close the hearing theretofore ordered and making the assessment, could not effect that purpose. Therefore, on October 15th, the date of the last ordinance, the hearing set for September

20th was still open and the paving assessment had not been made.

On a former appeal of this same case, Simms v. O. L. Crigler Co. (Tex. Civ. App.) 47 S.W.(2d) 686, 689, the late Chief Justice Willson, speaking for this court, said: "It appeared in the record that the city council met for said hearing on said September 20th. So, it must be said it appeared that the hearing commenced September 20th continued until October 15, 1927, when, at a recessed meeting of the city council, the order of that date closing the hearing was adopted."

There is no contention that the hearing was not had on the date and at the place set out in the ordinance of September 7th and the notice issued in accordance therewith. Therefore, there was nothing left for the governing body of the city to do but close the hearing and make the assessment. This they could do at a later date. As said in the case of S. M. Bernard Co. v. City of Los Angeles, 18 Cal. App. 626, 124 P. 88, 93: "While the power of the council in hearing objections is thus limited, we do not consider the section as imposing like limitations upon it as to the time when it may render its decision upon the objections. Having accorded the protestants a full hearing, it may, in the absence of an order continuing the hearing, render its decision thereon at any time and confirm, modify, or order a new assessment."

■ Appellants also contend that no legal notice was given; that such notice as was given did not in anywise comply with the law governing notices of this character. With this contention we do not agree. As stated before, this is a suit on a paving certificate and to foreclose a paving lien securing same. Appellee introduced said paving certificate in evidence, also evidence relating to the ownership of the land in controversy, and rested.

The second paragraph of section 6, c. 106, First Called Sess. 40th Legislature, 1927 (Vernon's Ann. Civ. St. art. 1105b, § 6) is as follows: "If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same

shall be *prima facie* evidence of all the matters recited in said certificate, and no further proof thereof shall be required."

Article 1090 of the Revised Statutes also provides that the assessment certificate shall be prima facie evidence of the recitations contained therein, relating to the preliminary steps taken by the governing body of the city in making the assessment and fixing the lien.

"And (quoting from latter part of the last paragraph of section 9 of the Acts of 1927, C. 106 [Vernon's Ann. Civ. St. art. 1105b, § 9]) the only defense to any such assessment in any suit to enforce the same shall be that the notice of hearing was not published or did not contain the substance of one or more of the requisites therefor herein prescribed, or that the assessments exceed the amount of the estimate, and no words or acts of any officer or employee of the city, or member of any governing body of the city, other than the action of the governing body shown in its written proceedings and records shall in any way affect the force and effect of the provisions of this Act."

The assessment certificate sued on and introduced in evidence contained the statement that all the preliminary steps were taken by the governing body of the city of Mt. Pleasant in making the assessment and fixing the lien. The only evidence offered by the appellants to controvert the recitals in the assessment certificate was the notice itself. A careful examination of the notice reveals that it complies substantially with article 1090, Revised Statutes, as well as section 9, p. 106, Acts First Called Sess. 40th Legislature, 1927 (Vernon's Ann, Civ. St. art. 1105b, § 9). Therefore, there was no error in the action of the trial court in entering judgment for appellee on said paving certificate and foreclosing the lien securing same. Simms et al. v. O. L. Crigler Co. (Tex. Civ. App.) 47 S.W.(2d) 686; City of Corsicana v. Mills (Tex. Civ. App.) 235 S. W. 220; Realty Trust Co. v. Harris et al. (Tex. Civ. App.) 59 S.W.(2d) 914; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631.

█ Appellants make another contention to the effect that at the time of the fixing of the paving assessment, the closing of the hearing to the property owners, and at all times thereafter, Nettie Simms was not the sole owner of the property in controversy against which said paving lien was fixed, but was the owner of an undivided interest therein. This became a contested issue in the trial court. Appellee introduced evidence which we think was admissible to establish Nettie Simms' sole ownership. The trial court hearing this cause found as a fact that Miss Nettie Simms was the sole owner of said property at the time of fixing the paving lien thereon. In our opinion, the evidence amply supports such finding, and said contention is overruled.

█ The appellants complain of other irregularities relating to the making of the paving assessment and the issuance of the paving certificate. We think they are precluded in these matters, because suit for relief was not filed by Miss Nettie Simms within the statutory time after the final action of the governing body of the city. Simms v. City of Mt. Pleasant et al. (Tex. Civ. App.) 12 S.W.(2d) 833.

Numerous other assignments of error are brought forward, which we have examined carefully, and find no error in any of them.

Therefore, the judgment of the trial court is in all things affirmed.