**KIDD et al. v. CITY OF BIG SPRING.**

No. 2283.

Court of Civil Appeals of Texas. Eastland.

Sept. 18, 1942.

H. C. Hooser and Thomas & Thomas, all of Big Spring, for appellants.

Thos. J. Coffee, of Big Spring, for appellee.

LESLIE, Chief Justice.

The City of Big Spring instituted this suit against C. R. Balch et al. to enforce the obligations of a paving assessment. Defendants denied liability. The trial was before the court without a jury. A personal judgment was rendered against Kidd and a judgment foreclosing the lien against him and Balch.

The court filed findings of fact and conclusions of law. Defendants appeal and Balch alone files briefs, presenting five propositions of law against the validity of the judgment.

Big Spring is a Home Rule city, making such public improvements under the terms and provisions of Article 1105b, Vernon's Ann.Civ.St.

On August 10, 1937, said City Commission ordered a portion of Bell Street paved, evidencing such improvement by an ordinance passed to that effect. The ordinance further provided for the giving of notice of hearing and set such hearing for August 24, 1937.

At the time of the hearing no one appeared and the matter of the paving assessment was later passed upon and determined by the City Commission. On August 23, 1938, the City Commission passed an ordinance levying the assessment concerned and made such assessments due sixty days from the date thereof. Art. 1105b, Sec. 9. On October 19, 1940, the City of Big Spring filed this suit.

At the time the ordinance ordering the improvements was made, the property involved herein and abutting upon that portion of Bell Street ordered paved was owned by W. C. Kidd, who transferred it on August 17, 1937 (after the original ordinance and before the hearing), to Milton Hedley, who owned it at the time set for the hearing and who continued to own it until April 11, 1938, at which time he sold it to C. R. Balch, who owned it when the assessments were made on August 23, 1938, and at the time of trial.

The appellant by his first contention or point propounds the question: "Can the City of Big Spring, a Home Rule City, with a charter existing prior to the date of the passage of Article 1105b use the terms and provisions of Article 1105b without amending its charter to adopt such ar-

ticle or its terms and provisions?" This question was presented by the appeal in the City of Big Spring v. Tate, Tex.Civ. App., 162 S.W.2d 1066. That opinion answers such question in the affirmative and this proposition is overruled on that authority. The City's use or appropriation of the provisions of said act was sufficient adoption of the terms thereof.

Point two raises the question of whether it was necessary under the terms of Article 1105b that the question of enhancement of the value of abutting property be determined at the hearing on the assessments to which the property owners had been given notice, regardless of whether any property owners (appellants) appeared at the time set for hearing.

It is undisputed that the Big Spring City Commission fixed a definite time and place for hearing on the paving assessment, gave notice of such hearing and such notice met the numerous requirements of Article 1105b, Section 9 (Vernon's Ann.Civ.St.), stating: "The estimated amount * * * per front foot proposed to be assessed against the owner * * * of abutting property and * * * the estimated total costs of the improvements on each such highway * * *". The property owner, so served with notice, failed to appear at the time and place set for the hearing.

The assessment certificate issued by the City contained the statutory recital, namely: "That all proceedings with reference to making said improvements have been regularly had in compliance with the law, and that prerequisites to the fixing of the assessment lien on said premises and claim of personal liability evidenced by this certificate have been performed."

It is not contended that the appellants, or either of them, prosecuted within the time an appeal from the City's order finally making the assessment.

The sufficiency of the petition in the instant case is not questioned. The assessment certificate was introduced in evidence, as well as pertinent ordinances or portions thereof. The ordinance making the assessment recites in part:

"And, whereas, after a notice had been given in the time and manner required by law in such cases, a hearing was had by the City Commission in the City Commission room in the City Hall in Big Spring, Texas, the place stated in said notices, the City Commission of the City of Big Spring then and there meeting for such purpose, of all owners and other persons interested, and at such hearing no protest or objections were made to said proposed improvements or to the proposed assessments of a portion of the costs thereof against owners of the abutting property and against such property, and no person there at said hearing made any objection of any kind to such proposed improvements and assessments;

"And, whereas, the City Commission of the City of Big Spring, Texas, did after such hearing declare said hearing closed and found that the sum of $1.77 per front foot of such abutting property is a fair and reasonable and proper amount per foot to assess against said owners of property abutting on said portions of said street and against such property."

The above recitation coincides with the testimony of witnesses at the trial below. All the evidence "as to the nature of the hearing" was admitted over the City's objection that the defendants (appellants) "having failed to file suit to set aside the assessment in the time provided by the statutes, they cannot at this time go into the question of the amount or fairness of the assessments."

It is not believed that the above proceeding of the City in any way contravenes the statute under which the City undertook to make said improvements. The proceedings being in general regular and appellant having been given explicit notice of the hearing, which he ignored, he cannot now complain that the assessment was not fairly made or properly confirmed by the City. There was nothing irregular or unlawful in the City's determination of the amount of the assessment or the benefits conferred on the property and its owner by the improvements.

With full and complete notice of time, place and nature of hearing given and the interested party (appellant) failing or refusing to appear and ask for a hearing, or otherwise protect his rights, it would be unnecessary or useless to require the City Commission to go through the formality of a hearing or the introduction of additional testimony in which no one was interested.

If it had elected to do so, the City Commission could have heard testimony under such circumstances, but the provisions of Article 1105b, Sec. 9, lodges some discretion with the authority when proceeding

under the circumstances indicated. In other words, the appellant had a hearing.

Further, the point here raised should be overruled under the authority of Evans v. Whicker, 126 Tex. 621, 90 S.W.2d 554. The Supreme Court could not have rendered judgment in that cause without determining against the appellant the point now being considered and which relates to the question of hearing and assessment.

Point three is overruled for the reason that any error in the name of the owner or owners of the property as given in the assessment certificate is immaterial, the assessment binding the true owner as shown by the evidence in this case. The undisputed testimony here fixes the appellants' liability as against that contention. No question of joint ownership is involved. Upon the authority of Uvalde Construction Company v. Joiner, 132 Tex. 593, 126 S.W.2d 22, the point is overruled.

For the same reason point four is overruled.

Since limitation commenced to run against the assessments certificate on the date it became due and payable by the provisions of the ordinance levying the assessment and the assessment certificate issued pursuant thereto, the fifth proposition is overruled. The fact or time element does not support the contention. Copellar et al. v. O. L. Crigler Co., Tex.Civ.App., 87 S.W.2d 326. Art. 1105b, Sec. 9.

For the reasons assigned the judgment of the trial court is affirmed.