## OKLAHOMA PRODUCING & REFINING CORPORATION OF AMERICA v. FREEMAN.

No. 13160—Opinion Filed Jan. 30, 1923.

(Syllabus.)

**1. Damages — Personal Injury — Excessive Damages as Ground for New Trial.**

In an action for damages for personal injuries sustained, the court will not grant a new trial on the ground of excessive damages unless the amount awarded be so flagrantly outrageous and extravagant as to clearly show that the jury was actuated by passion, partiality, prejudice, or corruption.

**2. Same—Remittitur.**

Record examined, and held, that the verdict of $20,000 for the injuries sustained and the action of the trial court in requiring a remittitur of $10,000 were not sufficient to constitute reversible error.

**3. Municipal Corporations—Violation of City Ordinance Regulating Travel on Streets —Prima Facie Evidence of Negligence—Burden of Proof.**

The driving of an automobile truck on the wrong side of the street in violation of the ordinance of a city providing for regulation of travel is prima facie evidence of negligence, and casts upon such party the burden of overcoming the presumption and showing that the violation of the ordinance was excusable under the circumstances existing at the time such negligence is alleged to have occurred.

**4. Negligence—Act In Emergency Not Negligence.**

A person in a sudden emergency may act in good faith according to his best judgment, and his failure to act in the most judicious manner is not chargeable with negligence per se. Where there is an issue under the pleadings and evidence as to such act constituting negligence, it should be submitted to jury under proper instructions.

**5. Appeal and Error—Trial—Duty of Trial Court to Give Proper Instructions.**

It is the duty of the trial court upon its own motion to properly instruct upon the issues made by the pleadings and the evidence introduced at the trial of the cause, and a failure to do so constitutes fundamental error.

**6. Same—Effect of Failure to Request Instructions.**

Where the trial court incorrectly instructs the jury in such a way as to constitute prejudicial error such error is not cured or waived by the failure to request a proper instruction.

Error from District Court, Oklahoma County; Edward D. Oldfield, Judge.

Action by L. R. Freeman against the Oklahoma Producing & Refining Corporation

of America, for damages for personal injuries sustained. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Ross & Thurman, for plaintiff in error.

Robinett & Ford, for defendant in error.

KENNAMER, J. On the first day of July, 1921, L. R. Freeman, plaintiff, commenced this action in the district court of Oklahoma county against the Oklahoma Producing & Refining Corporation of America to recover $40,000 damages alleged to have been sustained by the plaintiff as a result of the negligence of the defendant. The petition filed by the plaintiff alleged, in substance, that on April 20, 1920, about 4:30 o'clock p. m., the plaintiff was riding on a motorcycle eastward on the south and right hand side of West Seventh street in Tulsa, Okla., between Lawton and Jackson streets in said city, when he was run into by a truck belonging to the defendant and at the time being driven by Albert Wolf, who was the agent, servant, and employe of the defendant, acting within the scope of his employment. The acts of negligence alleged were that the truck was operated at a high and dangerous rate of speed, about twenty-five miles per hour, and was driven upon the left and south side of the center of West Seventh street in a westerly direction. That Wolf, the driver of the truck, failed and neglected to have the truck under reasonable and proper control; failed to keep a proper and sufficient lookout for pedestrians and other vehicles that might be in the street at the time, and neglected to give any signal or warning whatsoever of the approach of the truck. That the driver of the truck was violating certain ordinances of the city of Tulsa and the statutes of the state of Oklahoma in driving the truck. That as a result of the negligent acts of the defendant, the automobile truck of the defendant struck the plaintiff, whereby he was seriously injured, in that his body was bruised, neck and head cut in a number of places, and the skull fractured on the left side and on the back, from which injuries the plaintiff became unconscious and suffered concussion of the brain, remaining unconscious for a long period of time.

The defendant answered the allegations of the plaintiff's petition by way of a general denial and pleaded contributory negligence. The cause was tried on the 29th day of November, 1921, before a jury, which resulted in a verdict of $20,000 for the plaintiff. Motion for a new trial was filed, and the trial court, after having required the plaintiff to file a remittitur of $10,000, over-

ruled the motion. This appeal is prosecuted to reverse the judgment of the trial court. The defendant assigns the hereinafter named specifications of error for reversal.

"(1) The court erred in overruling the motions of the defendant for new trial.

"(2) The court erred in rendering judgment on the verdicts of the jury, because in returning such verdicts the jury was actuated by passion and prejudice against the defendant.

"(3) The trial court erred in giving to the jury the court's instruction No. 8, to which the defendant at the time excepted.

"(4) The trial court erred in giving to the jury the court's instruction No. 9, to which the defendant at the time excepted."

The first question presented by counsel for the defendant for determination is raised under the second assignment of error, "That the court erred in rendering judgment on the verdict of the jury, because in rendering such verdict the jury was actuated by passion and prejudice against the defendant." A careful examination of the record in the case discloses that the amount of the verdict rendered by the jury is the only fact found to indicate prejudice or passion on the part of the jury. We are unable to agree with counsel for the defendant that the verdict of $20,000 as damages for the injuries sustained is such an excessive verdict as at first blush would shock the conscience of man.

The evidence shows that, about 4:30 p. m., the plaintiff was traveling on a motorcycle eastwardly on West Seventh street. The plaintiff's motorcycle and a large Republic truck of the defendant collided. The defendant contends that up until the time the plaintiff was in about 50 feet of the truck the plaintiff was on the north side of the street, the left-hand side going east, and the defendant's driver, in order to prevent a head-on collision, suddenly swerved the truck to the left-hand side of the street coming west. There is a conflict in the evidence upon this particular issue, and, of course, the testimony of the defendant tending to establish the fact that the plaintiff was violating the rules of the street raised the question of the plaintiff's contributory negligence, and tended to explain the conduct of the driver of defendant's truck in turning to the left in trying to pass plaintiff. But the issues of primary negligence, on the part of the plaintiff, were for the jury, and the jury determined these issues adversely to the defendant under the instructions given by the court which will be hereafter considered. However, it is clear from the evidence that

there was a collision between the truck of the defendant and the motorcycle being driven by the plaintiff, and as a result of that collision the plaintiff received very serious injuries; the most serious being on the left temple, causing a concussion of the brain, which required an operation, in order to remove portions of the skull. This injury was exhibited to the jury. The evidence is uncontradicted that as a result of this injury the plaintiff was unconscious for 11 days and was confined to the hospital 17 days; that he paid $950 hospital expenses; that on the day of the trial, 20 months from the date of the injury, the plaintiff was nervous, had suffered much pain, had lost considerable weight, and had had as many as three delirious fits. It is a matter of common knowledge that if a person receives a serious blow on his head, sufficient to produce unconsciousness, such an injury will very probably produce serious results.

In the case of Chicago, Rock Island & Pacific Ry. Co. v. DeVore, 43 Okla. 534, 143 Pac. 864, this court approved the rule announced by Chancellor Kent in the case of Coleman v. Southwick, 9 John (N. Y.) 45, 6 Am. Dec. 253, as follows:

"The damages, therefore, must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess."

See New et al. v. Saunders, 86 Okla. 97, 206 Pac. 600.

We, therefore, conclude that under the evidence as disclosed by the record we would not be justified in holding that the jury was actuated by passion and prejudice in rendering the verdict. The trial court in requiring the remittitur of $10,000 must have held that the jury had merely miscalculated the amount of damages sufficient to compensate the plaintiff for his pecuniary loss, and the remittitur was. if error, favorable to the defendant.

The next question presented by counsel for the defendant complains of error of the court in giving to the jury instruction No. 9, which reads as follows:

"If you find and believe from the evidence that the driver of the defendant's automobile truck was guilty of negligence as alleged in plaintiff's petition, in that he operated the defendant's truck at a high, dangerous, and excessive rate of speed, or if you find and believe from the evidence that the said driver drove the truck in question on the left side of the center of the street mentioned in said petition, or if you find and believe from the evidence that the driver of the said truck failed and neglected to have the said automobile truck under reasonable and proper control or to keep a proper and sufficient lookout for pedestrians or other vehicles and thereby directly and proximately caused the injuries, if any, sustained by the plaintiff, then you will find for the plaintiff, unless you find and believe from the evidence that the plaintiff was guilty of contributory negligence as defined in these instructions, in which event your verdict must be for the defendant.

"Objected to by defendant and objections overruled and exceptions allowed defendant. "[Signed]    Edward Dewes Oldfield, Judge."

It is the contention of counsel for the defendant that, it being admitted in the trial of the cause that the truck of the defendant attempted to pass the motorcycle, being driven by the plaintiff, by turning to the left, and the collision having occurred on the south side of Seventh street, the instruction practically amounted to a peremptory instruction in favor of the plaintiff. With this contention of counsel, that the instruction as given by the court constituted reversible error, we concur. The general rule is that ordinarily the act of driving or operating an automobile in violation of a city ordinance upon a public street constitutes negligence per se. Spencer et al. v. Holt, 82 Okla. 280, 200 Pac. 187; Dickinson v. Cole, 74 Oklahoma, 177 Pac. 570. It was also held by this court that such operation of an automobile constitutes prima facie evidence of negligence. We believe that the better phrase in describing such violation of a city ordinance, when it is charged as negligence, is to instruct the jury that the unlawful act constitutes prima facie evidence of negligence, as held in the case of Larkey v. Church, 79 Okla. 202, 192 Pac. 569.

It was clearly pointed out in the case of Larkey v. Church, supra, that not under all circumstances would the violation of a city ordinance prescribing the "rule of the street" constitute negligence, but that under some circumstances the driver of an automobile may be guilty of the grossest kind of negligence by remaining on the right side of the street. It was stated in this case that if a driver of an automobile with passengers met a run-away team, traveling on the wrong side of the street, in such a situation, it would be incumbent upon the driver of the automobile to turn to the left side of the street for the purpose of avoiding a collision and injuring his passengers. Many author-

ities are cited in support of the rule therein announced.

A person in a sudden emergency may act in good faith according to his best judgment, and his failure in such a situation to act in the most judicious manner is not chargeable with negligence, and this has been held to be true even though the injured person be free from fault. Leslie et al. v. Catanaro (Pa.) 116 Atl. 504. Such an issue in this state raised by the pleadings and evidence should be submitted to the jury under proper instructions.

While it is true that where the accident resulting in injury occurred at a time when the defendant had the truck on the side of the street prohibited by the ordinance of the city of Tulsa in respect to driving, this only raised a presumption of negligence, yet such a presumption may be overcome by evidence showing that the violation of the ordinance in this respect was by reason of an emergency having arisen; that the circumstances were such that the defendant was excusable for turning his car over to the left side of the street for the purpose of avoiding injuring the plaintiff, which would be inevitable if he proceeded on the right side of the street. The driver of the truck in the instant case testified that he saw the plaintiff approaching him on his motorcycle on the wrong side of the street, and that it appeared to him as if the plaintiff intended to pursue his course, and that he swerved the car to the left side of the street for the purpose of preventing a head-on collision. There was testimony of other witnesses tending to corroborate the statement of the driver of the defendant's truck. It is, therefore, apparent that instruction No. 9, as given, in effect, was a peremptory instruction in favor of the plaintiff, as it was admitted by the parties that the accident occurred on the left side of the street traveling west. The instruction, in effect. advised the jury if defendant drove the truck on the left side of street, such act constituted primary negligence on the part of defendant. The jury should have been instructed that the act of violating the ordinance was prima facie evidence of negligence, and that if they found from the evidence that the defendant did violate the ordinance by driving on the wrong side of the street, then the burden would be on the defendant to excuse such violation by establishing the facts that the truck was turned to the left in good faith and under circumstances which would be acted upon by a reasonably prudent person under similar circumstances.

Counsel for the plaintiff state that they have no fault to find with the rule announced in Larkey v. Church, supra, but that the defendant requested only two special instructions, both of which were given, by the court to the jury, as requested. and that if the defendant desired other instructions to be given, it was its duty to have requested them. This is true where the general instructions of the court, as a whole. fairly submit the issues involved in the action to the jury. But an, examination of the record in the instant case discloses that the principal act of negligence relied upon by the plaintiff for a recovery is the alleged negligence of the defendant in driving the truck on the wrong side of the street in violation of the city ordinance. This was a decisive issue in the case made by the pleadings and the evidence, and involved the question of the defendant's primary negligence. It was the duty of the court upon its own motion to properly instruct the jury as to the law applicable to the evidence introduced and issues joined. First Nat. Bank v. Cox, 83 Okla. 1, 200 Pac. 238.

This court held in the case of Hopkins v. Stites. 70 Oklahoma, 173 Pac. 449, that where the court undertakes to instruct a jury as to the law and does so incorrectly, such error is not cured or waived by the failure to request a proper instruction as to the law. Unquestionably, that is the correct rule. if the erroneous instruction is such as is calculated to mislead the jury and prejudicial to the theory of one of the parties to the action.

It is sufficient to say in this case that the court in instruction No. 9, in effect, gave a peremptory instruction for the plaintiff over the objections and exceptions of the defendant. The instruction involving what appears from the evidence to be the decisive question in the case, it must be held as constituting reversible error.

For the reason given, the judgment is reversed, and the cause remanded, with directions to grant the defendant a new trial.

NICHOLSON. COCHRAN, BRANSON, and HARRISON, JJ.. concur.