## ARMSTRONG v. GREEN.

No. 15639—Opinion Filed Oct. 27, 1925.

Rehearing Denied Dec. 1, 1925.

(Syllabus.)

1. **Appeal and Error—Theory of Case in Trial Binding on Appeal.**

A party who has tried his case upon one theory in the trial court and lost cannot, on appeal to the Supreme Court, have his case reversed upon another and different theory not presented to the trial court by the pleadings or by requests for instructions on that theory.

2. **Negligence—Pleading Contributory Negligence—Insufficiency of Answer.**

An answer, in an action for personal injuries, which only denies that the injury was caused by the negligence of defendant, and alleges that it was wholly caused by the negligence of the plaintiff, is in effect nothing more than a general denial, and does not plead contributory negligence. Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 Pac. 747.

3. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

In a law action triable to a jury, where there is competent evidence which reasonably tends to support the verdict of the jury, the same will not be disturbed on appeal.

4. **Same—Recovery of Damages from Automobile Collision Sustained.**

Record examined, and held to support the verdict of the jury and judgment thereon in favor of the plaintiff.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by Jerry S. Green against M. B. Armstrong. From a judgment in favor of the plaintiff, the defendant brings error. Affirmed.

Claud Nowlin, Harris, Speilman, Thomas & Harris, and Warren K. Snyder, for plaintiff in error.

McCaffrey & Smith, for defendant in error.

MASON, J. The defendant in error, Jerry S. Green, hereinafter referred to as the plaintiff, was driving his automobile north on Francis avenue approaching Grand avenue in Oklahoma City at about six o'clock in the evening of September 19, 1923, and at about the same time the plaintiff in error, M. B. Armstrong, hereinafter referred to as the defendant, was driving his automobile

west on Grand avenue approaching Francis avenue. The two cars collided a little north and east of the center of the intersection of said streets.

A short time thereafter the plaintiff, Green, commenced this action in the district court of Oklahoma county to recover damages alleged to have been received by him in the sum of $15,000.

The plaintiff alleged that at the time of said accident the defendant carelessly and negligently operated his car while under the influence of liquor to such an extent as to be unable to properly handle and manipulate the same; that he carelessly and negligently operated said car at said time and place at a high and dangerous rate of speed; that he carelessly and negligently failed to sound any signal or warning upon approaching said street intersection, although there was traffic approaching from each direction. and the defendant was driving at a high rate of speed; that he carelessly and negligently failed to stop his automobile or swerve the same to either side to avoid injury to the plaintiff, which he could have done, after he saw, or in the exercise of ordinary care could have seen, plaintiff in his automobile in said street in a place of peril and in the pathway of the defendant's approaching automobile.

The defendant filed answer and cross-petition consisting of a general denial and an admission that the parties were driving their respective cars at the time and near the place as alleged by the plaintiff. The defendant then alleged that the "plaintiff did negligently and carelessly run into and collide with the car of the defendant; that the plaintiff was driving on the wrong side of the street, being west of the center of said street moving in a northerly direction; that the plaintiff did not have his car under control at the time of approaching said intersection, and made no effort to stop his car to avoid the collision." Defendant further alleged that but for said carelessness and negligence of the plaintiff said accident would not have occurred. He then alleged that he was free from negligence and carelessness in the matter and did everything in his power to avoid the accident. Defendant alleged that his car was damaged to the extent of $600; that when the plaintiff's car struck that of the defendant, the knuckles of the steering wheel of the defendant's car were so damaged that he was unable to control or steer it, and as a result he lost control of his car and collided with

the car of one W. J. Rene, causing damage in the sum of $40.20, which defendant was compelled to pay to the said Rene. The defendant then prayed judgment on his cross-petition in the sum of $640.20.

The case was tried to a jury, which resulted in a verdict and judgment for the plaintiff in the sum of $4,250, from which the defendant has duly perfected his appeal to this court.

Counsel for plaintiff in error call our attention to section 1014, C. O. S. 1921, and especially that portion of the 7th paragraph thereof which provides as follows:

"At intersecting roads or streets vehicles approaching from the right shall have the right of way over those approaching from the left."

The only assignment of error presented in the brief of plaintiff in error is as follows:

"That the court erred in that he failed to charge the jury fully and properly as to the law applicable to the case governing the rules of the road; and in that the court failed to charge the jury as to negligence in such cases and contributory negligence, for that the charge and all thereof given by the court was misleading, was not full and complete. all of which was excepted to by the defendant below."

This assignment has been condensed in the brief and argument of counsel for plaintiff in error, wherein it is stated as follows:

"The court did not instruct the jury as to the law applicable to the evidence."

It therefore appears to us, although a great many different angles of the question are discussed in the brief of plaintiff in error, that the sole question presented for our consideration and for reversal of the trial court is that the court committed reversible error in failing to charge the jury with reference to the law of the road as hereinbefore quoted and in failing to charge the jury that any one violating the law of the road was guilty of contributory negligence, and if the plaintiff was guilty of contributory negligence, that he could not recover against the defendant.

The record discloses that counsel for the defendant did not request the trial court to give an instruction covering this question; in fact, no intructions were requested by the defendant.

It is urged, however, that it was the duty of the trial court upon its own motion to instruct the jury upon this question, and the case of Oklahoma Producing & Refining

Corporation v. Freeman, 88 Okla. 166, 212 Pac. 742, is cited, wherein this court held:

"It is the duty of the trial court upon its own motion to properly instruct upon the issues made by the pleadings and the evidence introduced at the trial of the case, and a failure to do so constitutes fundamental error."

An examination of the opinion in that case discloses that the rule of the road, the violation of which was the principal act of negligence complained of, was specifically pleaded. The court in discussing the question in the body of the opinion uses the following language:

"This was a decisive issue in the case made by the pleadings and the evidence, and involved the question of the defendant's primary negligence."

It is clear that the instant case is not governed by such rule. There was no allegation by the defendant, nor proof in support thereof, that the plaintiff was negligent in failing or refusing to accord the defendant the right of way at the time of the accident. In the absence of such allegation in the pleadings or proof in support thereof, it was not the duty of the trial court to give such an instruction. In fact, the giving of such instruction would have constituted reversible error, as ordinarily an instruction which submits a case to the jury upon an issue not within the pleadings is erroneous. Oil Well Supply Company v. Johnson (Kan.)) 98 Pac. 381; C., R. I. & P. Ry. Co. v. Mailes, 52 Okla. 278, 152 Pac. 1131.

Counsel for defendant could have avoided the effect of this rule by amending his answer and cross-petition under the provisions of section 318, C. O. S. 1921. Not having elected to do so, the case must be determined upon the issues as joined by the pleadings.

It is well settled by a long line of decisions in this court, beginning with Hamilton v. Brown, 31 Okla. 212, 120 Pac. 950, that a party who has tried his case upon one theory in the trial court and lost cannot, on appeal to the Supreme Court, seek to have his case reversed upon another and different theory not presented to the trial court.

Inasmuch as we have concluded that the failure of the trial court to instruct the jury as contended for by the defendant did not constitute error, it becomes unnecessary to consider the question as to whether or not one who violates such rules of the road is guilty of contributory negligence.

The trial court, however, did instruct the jury on the law of contributory negligence, and some complaint is made by the defendant relative to such instructions for the reason that the burden of proof of establishing the plaintiff's contributory negligence was placed on the defendant. It may be conceded that the instruction was incorrect, yet, under the pleadings, the defendant was not entitled to prove contributory negligence. If the court permitted the defendant to do so upon condition that he assume the burden of proof, such condition could not be prejudicial to the defendant, as he, under the pleadings, was not entitled to prove it either with or without such condition. The defense of contributory negligence was not pleaded. The plaintiff alleged that said accident was a result of the carelessness and negligence of the defendant, and the defendant made the same allegation against the plaintiff. Each party alleged that he was free from negligence and carelessness.

This court in discussing similar pleadings in the case of Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 Pac. 747, used the following language:

"And can it be said that an answer which denies any and all negligence on the part of the defendant, and places the entire responsibility for the injury upon the negligence of the plaintiff alone, pleads contributory negligence? The word 'contributory' means to contribute to, or aid in effecting a result. And under such a pleading, what is the defendant alleged to have contributed to, or what has he aided, in effecting the result? The pleading says that the plaintiff, and the plaintiff alone, was guilty of negligence; and, if that be true, then there was no negligence on the part of the defendant to which the plaintiff could have contributed. And the pleading as stated above is nothing more than another and general denial of any and all negligence, on the part of the defendant."

The issue of fact as to whether or not there was primary negligence on the part of the defendant was presented to the jury, who found in favor of the plaintiff, and although there was a sharp conflict between the evidence of the plaintiff and that of the defendant, yet there was competent evidence which reasonably tends to support the verdict of the jury. Under the well-established rule of this court, such finding will not be disturbed on appeal.

Therefore the judgment of the trial court is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 718, § 618; 2 R. C. L. pp. 79 et seq.; 1 R. C. L. Supp. p. 387; 4 R. C. L. Supp. p. 79; 5 R. C. L. Supp. p. 68. (2) 29 Cyc. p. 582. (3) 4 C. J. p. 854, § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (4) 28 Cyc. p. 47.