## MARTIN, Mayor, v. ROWLETT, Supt. of Motor Vehicle Inspection Bureau.

### No. 28769.   Sept. 12, 1939.

Frank Martin, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Asst. Municipal Counselor, for defendant in error.

GIBSON, J. Plaintiff in error, as mayor of Oklahoma City, appeals from a judgment against him in a mandamus action by defendant in error arising out of plaintiff in error's refusal, on the ground of claimed invalidity of the city ordinance, to sign a pay warrant for defendant in error for services rendered by the latter in connection with a position created by the provisions of the challenged ordinance 4945 of said city.

Summarized, the pertinent portions of said ordinance provide that all motor vehicles owned by residents of Oklahoma City, or owned by nonresidents of said city, which are regularly operated on its streets, shall be inspected periodically and a fee therefor paid by the owner; that notice of the time and place of such required inspections be given to the vehicle owner, and that in event of failure to present for inspection within the time allowed, the operation of the motor vehicle upon the city streets shall be a finable offense; that any motor vehicle operated on said streets without having passed inspection during the periods provided is declared to be a public nuisance dangerous to public safety and may be seized by the city police; that all motor vehicles shall be provided with certain equipment, and requiring certain conditions of the vehicles and equipment; for the installation and maintenance of places of inspection, and for wages for necessary personnel.

The police power of the city under the general powers granted to it is relied upon to sustain the validity of the ordinance. In the determination of this appeal it is necessary to consider only whether or not the city had the power to enact the ordinance.

It is elementary that control over the streets and highways within the corporate limits of a municipality is reserved in the state, and that the municipality can exercise only such control as has been delegated to it by the state. City of Tulsa v. Southwestern Bell Telephone Co. (C. C. A. 1935) 75 Fed.2d 345; Ex parte Duncan, 179 Okla. 355, 65 P.2d 1015.

Cities have been clothed with power to control and regulate the streets and alleys therein and may exercise their police power to the attainment of that end. Sections 2, 3, and 7, art. 18, Okla. Const., and sections 6380, 6397, 6410, O. S. 1931, 11 Okla. St. Ann. §§ 642, 660, 672. But a limitation of this power to all cities, towns, and villages is expressed by the provisions of section 9, art. 7, ch. 50, p. 354, S. L. 1936-1937, 47 Okla. St. Ann, § 19h; Ex parte Duncan, supra; City of Muskogee v. Wilkins, 73 Okla. 192, 175 P. 497, 498.

The above section 9 is identical with that of the repealed section 10290, O. S. 1931, discussed in the Duncan Case, supra, except for the omission in the 1937 enactment of the second paragraph (immaterial here) of said section 10290.

Said section 9 provides in substance that cities shall have no power to pass any ordinance (1) requiring any tax, fee, license, or permit from any owner to whom the article is applicable for the free use of the public highways, or (2) excluding any motor vehicle from the free use of the public highways, provided that the powers given to cities to enact general rules (a) to bring about the orderly passage of vehicles upon certain streets in such cities where the traffic is heavy and continuous, and (b) to regulate vehicles offered to the public for hire, shall remain in full force and effect.

The effect or scope of the operation of the ordinance is not limited to the rules authorized by the proviso of said section 9. The ultimate purpose of the ordinance, although it requires primarily the inspection of motor vehicles, is the control and regulation of the use of the city streets and highways. This control of the use by motor vehicles of its streets and highways is inseparable from that of the required motor vehicle inspection. The interest of the city in the condition of motor vehicles as expressed in the ordinance is only as that condition relates to their use of its streets. Compliance with its provisions authorizes the use of the streets, while noncompliance therewith results in denial

of that use, and this latter although the vehicle may be, in fact, not in a dangerous condition. A requirement of the inspection of motor vehicles separate and apart from their use of the city streets is not ascertainable from the language of the ordinance.

With the power of control of the use of the highways and streets being reserved in the state, with the limited authority in the municipality in the respects and to the extent above indicated, the powers sought to be assumed by the ordinance are in excess of such as it may lawfully exercise. 42 C. J. 618 (21).

The enactment of similar ordinances by the municipalities of the state and the unvoidable resulting confusion and vexations to motor vehicle owners that would arise therefrom, were anticipated and wisely provided against by said section 9, supra.

Municipalities can exercise only such powers of legislation as are granted them by the lawmaking power of the state, and grants of such powers are strictly construed against the corporations, and when any reasonable doubt exists as to the grant of that power, such doubt is resolved by the courts against the corporation, and the existence of the power is denied. Cain's Coffee Co. v. City of Muskogee, 171 Okla. 635, 44 P.2d 50; Marth v. City of Kingfisher, 22 Okla. 602, 98 P. 436; 43 C. J. 307 (318). The ordinance constitutes an invalid assumption of that legislative power and control now reposing in the lawmaking body of the state alone.

Holding the ordinance void, as we do, it is unnecessary for us to consider other objections urged against its validity.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur.