HAYNIE v. OLSON DRILLING CO, et al.

No. 30110.   Oct. 21, 1941.

*118 P. 2d 230.*

Brown Moore and Guy Horton, both of Stillwater, for plaintiff in error.

Swank & Swank, of Stillwater, and Hudson & Hudson, of Tulsa, for defendant in error.

OSBORN, J. This action was commenced in the district court of Payne county by Eloise Haynie, hereinafter referred to as plaintiff, against Olson Drilling Company and Dale Meyers, hereinafter referred to as defendants, wherein plaintiff sought recovery of damages for personal injuires sustained when an automobile in which she was riding collided with a truck owned by defendant drilling company and operated by defendant Meyers. Issues were joined, the cause was tried to a jury, and a verdict was returned in favor of the defendants. From a judgment thereon, plaintiff has appealed.

Plaintiff alleged, in substance, that on November 15, 1937, she was riding as a passenger in a Chevrolet coach automobile driven by Mrs. Ruth Pearson, and was en route to Oklahoma City from Stillwater; that she was traveling south on U. S. Highway No. 77, which highway intersects U. S. Highway No. 66 at a point approximately four miles east of Edmond; that as they approached said intersection Mrs. Pearson was operating the automobile in which plaintiff was riding at a reasonable rate of speed and in a careful and prudent manner; that as they approached said intersection from the north the defendant Dale Meyers, operating a truck owned by defendant drilling company, approached said intersection from the west; that said defendant turned north at said intersection; that a collision occurred between said truck and the automobile in which plaintiff was riding, resulting in the injuries enumerated in the petition. Plaintiff alleged that the collision was caused by the negligence of the defendant Meyers, acting as agent and employee of the defendant drilling company. The specific acts of negligence relied upon are: (a) Defendant was driving at an excessive rate of speed; (b) defendant did not have control of the truck sufficiently to stop the same within the assured clear distance ahead; (c) defendant did not have sufficient control of the truck to avoid hitting the automobile in which plaintiff was a passenger; (d) that defendant drove said truck into the car in which plaintiff was a passenger, which he could have avoided by turning his truck to the right; and (e) that defendant was driving said truck on the said curve to the left of the center line of the highway.

By way of answer, defendants pleaded a general denial, specifically denied the allegations of negligence and affirmatively alleged contributory negligence on the part of plaintiff.

There was some conflict in the evidence. Plaintiff's evidence was to the effect that the car driven by Mrs. Pearson was traveling at a speed of approximately 20 to 25 miles per hour as it approached the intersection, and that the truck of defendant was traveling at a speed of 35 to 40 miles per hour as it entered the intersection. Plaintiff's evidence was further to the effect that the front wheels of defendant's truck were approximately two feet to the left of the center line of the pavement at the time of the collision, and that the truck and trailer attached thereto had not fully negotiated the curve at the time of the collision. Defendants' evidence was that the speed of the automobile was approximately 35 miles per hour and that the speed of the truck was 15 to 20 miles

per hour immediately prior to the collision. It was shown that it was raining and that the pavement was wet and slippery. It was further shown that the left side of the automobile in which plaintiff was riding struck the truck of defendant immediately behind the cab of the truck. As a result of the collision considerable damage was done to the car, Mrs. Pearson escaped serious injury, and plaintiff received the injuries involved herein.

The court in instructing the jury outlined the issues made by the pleadings and instructed upon negligence, proximate cause, and contributory negligence. The court further instructed the jury that the negligence, if any, of Mrs. Ruth Pearson could not be imputed to her guest, the plaintiff. The jury was instructed with reference to rule No. 7 of the rules of the road (69 Okla. St. Ann. § 583, section 10327, O. S. 1931) to the effect that, at intersecting roads or streets, vehicles approaching from the right shall have the right of way over those approaching from the left. The jury was instructed upon the duty of both parties to exercise due care and caution, taking into consideration the traffic, the condition of the weather, and all other surrounding circumstances.

For her first proposition of error, plaintiff complains of the failure of the trial court to instruct the jury with reference to rule No. 4 of the rules of the road, providing that all vehicles turning to the left into another road shall pass around the center of the intersecting road before turning. It is conceded that no request was made for such an instruction, but the plaintiff urges that it was the duty of the trial court on his own motion to give said instruction, since it involved one of the decisive issues raised by the pleadings and the evidence. We have heretofore referred to the pleadings and note that the theory of recovery raised by the pleadings was that defendant Meyers was operating the truck to the left of the center of the highway. We find no allegations in the petition with reference to a violation of rule No. 4. In the case of Oklahoma Nat-

ural Gas Corp. v. Schwartz, 146 Okla. 250, 293 P. 1087, following Armstrong v. Green, 113 Okla. 254, 241 P. 789, this court held it was not reversible error to refuse an instruction predicated upon rule No. 7 of the rules of the road in the absence of a request therefor. Those authorities are applicable here by analogy. We therefore hold that the failure of the trial court to instruct with reference to rule No. 4 does not constitute reversible error, in view of the failure of plaintiff to request such an instruction.

As a second proposition for reversal, plaintiff urges that the trial court erred in giving an instruction upon contributory negligence. In the case of Miller v. Price, 168 Okla. 452, 33 P. 2d 624, we held that where a review of the evidence in the case and all inferences which may reasonably be drawn therefrom permits but one conclusion, which is that no contributory negligence has been shown, it is error for the trial court to submit an instruction upon contributory negligence, notwithstanding the provisions of section 6, art. 23, of the Constitution. In the case of Stillwater Milling Co. v. Templin, 182 Okla. 309, 77 P. 2d 732, this court pointed out that a passenger or guest in an automobile must use ordinary care for his own safety, and when the exercise of such care requires that he call the attention of the driver to approaching danger, he must do so or be open to the charge of contributory negligence. See 5 Am. Jur., Automobiles, § 475 et seq., and authorities therein cited.

In the instant case it is shown that plaintiff was familiar with the highway over which the automobile was traveling immediately prior to the collision; that plaintiff knew of the intersection. We have heretofore pointed out that the evidence was conflicting as to the speed of the automobile as it approached the intersection, and that it was agreed that the pavement was slippery on account of rain. Under all the circumstances presented in the instant case there is presented a question of fact as to whether or not the driver of the automobile in which plaintiff was riding was exer-

530

cising due care in approaching the intersection; therefore, it was incumbent upon the jury to determine whether or not the plaintiff was chargeable with the duty of calling the attention of the driver to the approaching danger. We conclude that the trial court did not err in submitting an instruction to the jury upon contributory negligence.

An examination of the entire record discloses that the cause was fairly tried and the instructions to the jury were ample and sufficient to cover the issues of fact. The verdict of the jury received the approval of the trial court, and no reversible error appears in the record.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.