## CONTINENTAL CASUALTY CO. v. LOLLEY.

No. 29779. June 1, 1943.

Dissenting Opinion June 15, 1943.

Rehearing Denied Sept. 14, 1943.

140 P. 2d 1014.

Appeal from District Court, Tulsa County; Prentiss E. Rowe, Judge.

Continental Casualty Company was summoned as garnishee of Ted Kaplan to answer for a judgment obtained against him by Marguerite Lolley arising out of an accident which occurred while he was driving an automobile on the streets of the City of Tulsa in viola-

Hudson & Hudson, of Tulsa, for plaintiff in error.

Ward, Justus & Ward, of Tulsa, for defendant in error.

RILEY, J. On May 7, 1935, A. A. Kaplan, a resident of Dallas, Tex., procured an automobile liability insurance policy from the Continental Casualty Company through its agency in said city. This policy was written to protect the named assured, and such additional assureds as came within the provisions of an omnibus clause contained in said policy, against liability arising out of accident in the operation of a certain Chevrolet automobile. The policy contained the following provision:

"This policy does not cover any automobile . . . (d) while driven by or in charge of any person under the age limit fixed by law or under the age of fourteen (14) years in any event."

On June 30, 1935, while said policy was in force and effect, the automobile therein described was being operated upon the streets of the city of Tulsa, Oklahoma, by Ted Kaplan, a minor 15 years and 9 months of age, when said automobile was involved in a collision with a taxicab in which Marguerite Lolley, defendant in error herein, was a passenger. At the time said collision occurred, the city of Tulsa had in force and effect an ordinance which prohibited the driving or operation of any motor vehicle upon its streets by any person under the age of 16 years. Marguerite Lolley brought an action against Ted Kaplan, and others not here involved, to recover damages for the injuries which she sustained as a result of the collision.

The Continental Casualty Company, under a nonwaiver agreement, furnished counsel and assisted Ted Kaplan in his defense in that action. The plaintiff in said action recovered a judgment against Ted Kaplan for the sum of $2,500.

The Continental Casualty Company refused to accept responsibility for the results of the accident under the claim that the automobile was being driven by a person under the age limit fixed by the ordinance of the city of Tulsa, and therefore, as contended by the casualty company, not covered by its policy.

After judgment was obtained, execution thereon was returned unsatisfied, and thereupon the judgment creditor caused the Continental Casualty Company to be summoned as garnishee of said Kaplan and to require of it payment of the judgment. The garnishee denied liability, and the plaintiff took issue therewith. The parties thereupon proceeded to try the cause to the court upon a stipulation as to the essential facts, which were substantially as above recited, and the additional testimony of A. A. Kaplan, which was admitted over the objection of the garnishee and which was to the effect that I. Sablosky, the agent of the garnishee who delivered the policy to A. A. Kaplan, knew that Ted Kaplan was below the age of 16 years and that he would drive the automobile which was described in said policy. The trial court took the matter under advisement for some time and expressed the view that since 'the automobile had been duly licensed in Texas and was in transit through Oklahoma, it was entitled to protection of the comity statutes, and that therefore the Continental Casualty Company should be held accountable as garnishee of Ted Kaplan, and rendered judgment accordingly, and the Continental Casualty Company appeals.

Issues of law alone are here involved. The parties have briefed the cause ably and extensively upon a number of issues, but, as we view the matter, the fundamental and decisive issue presented is whether the ordinance of the city of Tulsa fixed by law a limit under which an automobile might not legally be driven and operated upon the streets of said city. It is elementary that control over the streets and ways of a municipality is reserved to the state, and that a municipality may exercise only such control as has been delegated to it by the state. Martin v. Rowlett, 185 Okla. 431, 93 P. 2d 1090; City of Tulsa v. Southwestern Bell Telephone Co., 75 Fed. 2d 345; Ex parte Duncan, 179 Okla. 355, 65 P. 2d 1015.

Cities, however, have been clothed with power to control and regulate the streets and alleys therein and may exercise their police powers for that purpose. Sections 2, 3, and 7, art. 18, Oklahoma Constitution; and sections 6380, 6397, 6410, O. S. 1931 (11 O. S. A. §§ 642, 660, 672). Prior to the enactment of article 5, ch. 50, Session Laws 1936-37, the authority of cities, towns, and villages to prescribe by ordinance the qualifications of drivers of motor vehicles upon the streets and alleys was recognized by statute (section 10290, O. S. 1931). The limitation upon that authority was that under the guise of regulation a pecuniary charge amounting to a tax could not be imposed. Ex parte Mayes, 64 Okla. 260, 167 P. 749; City of Muskogee v. Wilkins, 73 Okla. 192, 175 P. 497. The ordinance with which we are here concerned did not attempt to impose any charge upon the operator of a motor vehicle in the city of Tulsa or to in any manner interfere with the free use of the streets, but, merely in the interest of public safety, fixed an age limit below which it was declared to be unsafe for a person to drive or operate a motor vehicle in said city. This was a valid exercise of the police power of said city at the time of the enactment of said ordinance and on the date of the occurrence of the accident here involved, and until the authority which had been theretofore delegated by the state was withdrawn by the enactment of article 5, ch. 50, Session Laws 1936-37. Since, as we have pointed out, the ordinance was a valid one at the time the accident occurred, it follows that no liability ever attached under the policy by reason of the exclusion provision above created because the automobile was being driven and operated by a person under the age limit fixed by law at the time and place the accident occurred in which the plaintiff was injured and for

which she recovered judgment against Ted Kaplan. United States Fidelity & Guaranty Co. v. Guenther, 281 U. S. 34, 74 L. Ed. 683, 72 A. L. R. 1064; Hunter v. Western & Southern Indemnity Co., 19 Tenn. A. 589, 92 S. W. 2d 878; Phoenix Indemnity Co. v. Barrett, 167 Tenn. 116, 67 S. W. 2d 135; Texas Indemnity Insurance Co. v. McLelland (Tex. Civ. App) 80 S. W. 2d 1101; Daniel v. State Farm Mutual Insurance Co., 233 Mo. A. 1081, 130 S.W. 2d 244.

The judgment recovered being one for a .tort for which the garnishee had never assumed liability, said garnishee could not be brought within any rule of estoppel, since the risk was one it never assumed. Utilities Insurance Co. v. Montgomery, 134 Tex. 640, 138 S. W. 2d 1062; McDanels v. General Insurance Co. of America, 1 Cal. A. 2d 454, 36 P. 2d 829.

In a supplemental brief filed March 24, 1943, defendant in error contends that plaintiff in error, having defended the cause as to Ted Kaplan without a nonwaiver agreement, signed by him, is estopped to deny liability, under the rule stated in Tri-State Casualty Co. v. McDuff, 192 Okla. 105, 134 P. 2d 342, but in this case there was a nonwaiver agreement; the original was not introduced in evidence, and counsel for defendant in error asserts that he does not understand how the "unsigned, undated and unexecuted ex parte statement got into the record."

In the case-made, page 60, appears the following:

"The garnishee now offers in evidence defendant garnishee's Exhibit No. 1, which is a copy of a non-waiver agreement which was executed by the defendant Ted Kaplan and also signed by a representative of the garnishee, the Continental Casualty Company. This is a copy and Mr. Ward has very generously agreed that I might introduce the copy in lieu of the original, so with that agreement, we offer the garnishee's Exhibit No. 1."

There was no objection, and under the record it cannot be said that the garnishee in this case defended as to Ted Kaplan without a nonwaiver agreement.

The judgment of the trial court being erroneous as a matter of law, the cause is reversed and remanded, with direction to enter judgment for the garnishee, Continental Casualty Company.

GIBSON, V. C. J., and WELCH, HURST, and DAVISON, JJ., concur. CORN, C. J., and OSBORN, BAYLESS, and ARNOLD, JJ., dissent.

---

OSBORN, J. (dissenting). The pivotal point upon which the decision in this case turns is whether or not the phrase "fixed by law," as used in the contract of insurance, is ambiguous. I am not in accord with the view of the Supreme Court of the United States in the case of United States Fidelity & Guaranty Co. v. Guenther, 281 U. S. 34, 74 L. Ed. 683, 72 A. L. R. 1064, wherein the court, in dealing with a situation practically identical with that presented here, held that the phrase is free from ambiguity. The question before us is not a federal question, and while the decision of the highest federal court is entitled to the most respectful consideration, it will be considered by us only as persuasive authority. See 14 Am. Jur., Courts, p. 335 § 116.

In the above-cited case the court reversed a decision of the Circuit Court of Appeals for the Sixth Circuit (United States Fidelity & Guaranty Co. v. Guenther, 31 Fed. 2d 919), which court affirmed a decision of the Federal District Court holding the insurer to be liable. It is my view that the lower federal courts properly analyzed and correctly determined the question. In the decision of the Circuit Court of Appeals, the court expressed the view that the expression "fixed by law" is at least susceptible of two constructions: that it may mean or .be fully satisfied by limiting it to a law enacted by the Legislature of a state; that ordinarily when one speaks of the "law," this is what is meant, that one thus speaking has in mind a rule of conduct of uniform and general application prescribed by the

supreme law-making body of some sovereignty and not ordinances, by-laws, or regulations of a municipality. It was further pointed out that the state and not the municipality is the natural governmental unit under consideration by the parties when writing insurance, and if it had been intended to include municipal ordinances, this could have been easily stated. It was further pointed out that the territory covered by the policy was specifically stated as within the limits of the United States and Canada, and that a myriad of separate municipalities were within these territorial limits. The court refused to hold that the contract contemplated that every insured should, before entering one of these municipalities, investigate and learn whether an ordinance fixing an age limit was in force within the respective municipalities before entrusting his automobile to someone else.

The decision of the Federal District Court above referred to was followed in the case of Zolla v. Employers Liability Assurance Corp., 251 Ill. App. 197, which case involved a state of facts analogous to the facts involved herein. It was pointed out in that case that if it had been the intention of the insurance company that the insured would understand that the policy might become void when the car was being used contrary to the provisions of any valid city ordinance, it would have so stated in the policy. It was further suggested that it is not unusual for owners to make trips across the continent in automobiles; that it could hardly be supposed that it was the intention of the parties that the contract of insurance should be made dependent for its validity upon the provisions of the different ordinances of the hundreds of municipalities through which the motor vehicle would probably be driven.

Ambiguity exists when there is genuine uncertainty which one of two or more meanings is the proper meaning. Morgan v. Wheeler, 150 Kan. 667, 95 P. 2d 320. It is clear to me that there is genuine uncertainty as to whether or not the phrase "fixed by law" was intended to refer to federal law, state law, or municipal law, or whether it was intended to embrace all written legislative enactments, federal, state, or local. It is my view that there is patent ambiguity, and therefore we should follow the well-established rule that the policy should be construed strictly against the insurer, and the construction adopted which is more favorable to the insured. Taylor v. Insurance Co. of North America, 25 Okla. 92, 105 P. 354.

In this jurisdiction municipal ordinances are not given equal rank and standing with enactments of the State Legislature. We do not take judicial notice of such ordinances. They must be presented to this court by proper pleadings and evidence. Bradley v. Renfrow, 184 Okla. 25, 84 P. 2d 430; Cunningham v. Ponca City, 27 Okla. 858, 113 P. 919.

For the above reasons, I respectfully dissent.

BAYLESS, J., concurs herein.