BEVERLY et al. v. ELAM.

No. 31611. Oct. 2, 1945.

*162 P. 2d 180.*

Richardson, Shartel, Cochran & Pruet, of Oklahoma City, and Finis C. Gillespie, of Hobart, for plaintiffs in error.

Clayton Carder, of Hobart, for defendant in error.

ARNOLD, J. This is an action brought in the district court of Kiowa county by N. B. Elam against Boyd Beverly, General Baking Company, a corporation, and Liberty Mutual Insurance Company for personal injury and property damage alleged to have occurred by reason of a collision between a passenger car driven by plaintiff and a truck driven by defendant Boyd Beverly.

The defendant General Baking Company is a class "C" motor carrier, and the defendant Liberty Mutual Insurance Company is its liability insurance carrier, and defendant Boyd Beverly is an employee of General Baking Company and was the driver of the truck at the time of the alleged collision.

Plaintiff in his petition alleged that the collision occurred at the intersection of State Highway No. 55, a highway running east and west, and a road running north and south along the east boundary line of Sentinel, Okla.

As grounds of negligence plaintiff alleges that defendant Beverly at the time of the collision was driving his truck at a reckless rate of speed in excess of 35 miles per hour, and that he entered the intersection to the left thereof or on the wrong side of the street. As to the defendant Liberty Mutual Insurance Company, it is alleged that by virtue of having filed with the Corporation Commission a liability insurance bond covering public liability and property damage it became liable for all damages occasioned by defendant baking company caused by the negligent operation of its truck as a class "C" motor carrier.

Defendants each demurred to the petition on the ground, among other things, that there was a misjoinder of causes of action. Upon the overruling of the demurrers they filed their separate answers consisting of a general denial and plea of contributory negligence. The trial was to a jury, resulting in a verdict and judgment in favor of plaintiff.

Though error is predicated upon the giving and refusing of certain instructions, misconduct of counsel for plaintiff, insufficiency of the evidence to show that the liability bond of the Liberty Mutual was ever filed, it will only be necessary to discuss the alleged error of the trial court in overruling the demurrers of the defendants to the petition based upon misjoinder of parties defendant and causes of action.

The question was carefully preserved throughout the proceedings.

In support of this proposition it is pointed out that nowhere in the law is there any specific provision requiring a class "C" carrier to file a public liability bond; that only those carriers that must make application for and procure a certificate of convenience and necessity, to wit, "A" and "B" carriers, are required to file such bond; that by specific provision a class "C" carrier does not have to make showing of convenience and necessity or procure a certificate of convenience and necessity; that the Corporation Commission in the administration of the motor carrier act has so interpreted and applied the act in accord with the opinions of the Attorney General and that the penal provisions thereof are not applicable to such carriers and they cannot be forced by civil procedure to comply with the provisions requiring a certificate of convenience and necessity and cannot be required to file a bond.

Plaintiff virtually admits that the pertinent provisions of the statute must be so construed, but argues that the voluntary act of filing the bond makes the insurance carrier and its insured jointly liable in this kind of an action in view of the provisions of the bond.

By the motor carriers act, 47 O. S. 1941, a comprehensive plan for the regulation of all motor carriers is provided.

Section 161 thereof classifies carriers as "A", "B", and "C" carriers.

A class "A" carrier is defined therein as a common carrier between fixed termini and class "B" is defined as one carrying persons or property for hire otherwise than between fixed termini. Class "C" carriers are defined as those transporting their own goods or products in furtherance of their private business.

Though no contention is herein made that the Legislature does not have the legislative power to require a carrier engaged only in the transportation of his own goods and products, in furtherance of his private business, to procure a certificate of convenience and necessity and file a public liability bond, the public nature of the business of class "A" and "B" carriers, as distinguished from the private nature of class "C" carriers, should be noted.

Section 162 vests in the Corporation Commission general regulatory power and authority over carriers and casts upon the Corporation Commission the duty to supervise and regulate all motor carriers doing an intercity business, but provides that "no showing of convenience and necessity shall be required of class 'C' carriers."

Section 165 provides that "upon the filing of an application for a permit or certificate, the applicant falling within classification 'A', 'B' or 'C' shall pay to the Corporation Commission of the State of Oklahoma, as a filing fee, the sum of Twenty-five Dollars ($25.00); . . . "

By section 166 it is made unlawful for a class "A" carrier to operate without a certificate of convenience and necessity.

Section 167 makes the same provision as to class "B" carriers.

Section 169 provides that:

"No certificate of convenience and necessity, or permit, shall be issued by the Corporation Commission to any motor carrier until after such motor carrier shall have filed with the Corporation Commission a liability insurance policy or bond . . . ".

It is further provided therein that the commission "may, in its discretion, relieve any motor carrier herein classified under class 'C,' from the obligation of filing such public liability and property damages bond."

We are cited to no other pertinent provisions of our statute.

. It is correctly admitted that the insurance company of class "A" and "B" carriers, who have filed public liability bonds in conformity with the foregoing mandatory provisions, may be joined in such an action as the one at bar with its insured. It is also correctly admitted that if a class "C" carrier must apply for and receive a certificate of convenience and necessity, it would also be necessary for it to file a public liability bond and its insurance carrier would be jointly liable with it.

It is apparent by casual reading of the foregoing sections of the statute that no such specific provision is made. Section 162, supra, specifically provides that a showing of convenience and necessity shall not be required of a class "C" carrier.

Our original motor carriers act was adopted in 1923 (chapter 113, S. L. 1923). A motor carrier is defined therein as

"any person, firm, business, trust or corporation, lessee, trustee or receiver, operating any motor vehicle with or without trailer or trailers attached, upon any public highway for the transportation of passengers or property for compensation between fixed termini or over a regular route even though there may be periodic or irregular departures from said termini or route."

Motor carriers are not further classi-fied by the provisions of the act, Section 7 thereof provides:

"No certificate of convenience and necessity shall be issued by the Corporation Commission to any motor carrier until and after such motor carrier shall have filed with the Corporation Commission of this State a liability insurance bond in some company authorized to do business in this State. . . . "

No other form of permit or certificate is provided therein. No provision of the foregoing act was amended by the Legislature until the passage of the act under consideration herein in 1929 (chapter 253, S. L. 1929), and no provision thereof has since been amended. The only permit required of carriers under the original act was a certificate of convenience and necessity, and there is no provision under the 1929 act for a permit to any carrier therein classified and defined except upon a showing of convenience and necessity.

Considering the absence of the public nature of the business of a class "C" carrier as distinguished from that of class "A" and "B" and the significant omission by the Legislature to definitely provide application of the foregoing mandatory provision to class "C" carriers, and the other circumstances pointed out, we must disregard the apparently inadvertent mention of class "C" carriers pointed out by plaintiff and appearing in sections 165 and 169, supra, and hold that the Legislature did not intend to require the filing of an indemnity bond by a class "C" carrier. The filing of such a bond not being required by law, no joint liability existed for the reason that such liability exists only by operation of the statute, not by virtue of the provisions of the bond or insurance contract. Jacobson v. Howard, 164 Okla. 88, 23 P. 2d 185; Enders v. Longmire, 179 Okla. 633, 67 P. 2d 12; Wray v. Garrett, 185 Okla. 138, 90 P. 2d 1050.

The voluntary action of the principal defendant and its insurer did not make the mandatory provisions of the statute in these respects applicable and create a joint liability. It must be and is de-

termined that there was a misjoinder of causes of action and parties defendant. The error of the court in failing to sustain the demurrers of defendants on this ground requires a reversal of this cause.

Reversed, with directions to grant a new trial and proceed not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.