SUBSCRIBERS AT CASUALTY RECIPROCAL EXCHANGE, a Foreign Corporation, et al., Plaintiffs in Error,

v.

Della SIMS, Defendant in Error.

No. 36543.

Supreme Court of Oklahoma.

Jan. 10, 1956.

Rehearing Denied Feb. 21, 1956.

580

Steele & Boatman, Okmulgee, for plaintiffs in error.

D. F. Rainey, John Barksdale, Okmulgee, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by Della Sims, hereinafter referred to as plaintiff, against Subscribers at Casualty Reciprocal Exchange, a foreign corporation, J. Tom Powell and Pauline Wadley, co-partners, d/b/a Yellow Cab Company, and Dewey B. Haley, hereinafter referred to as defendants, to recover damages for personal injuries allegedly sustained by plaintiff in an automobile collision. Plaintiff was riding in an automobile driven by her son, Lloyd Henry Sims, in a westerly direction on Sixth Street in the City of Okmulgee, Oklahoma, when such automobile collided with a taxicab owned by defendants J. Tom Powell and Pauline Wadley and being driven in a northerly direction on Central Street by defendant Dewey B. Haley. The collision occurred at the intersection of Sixth and Central Streets in the City of Okmulgee.

After trial to a jury, a verdict for plaintiff and against defendants was returned upon which judgment was rendered and defendants appeal.

As their first proposition of error, defendants contend that the instructions as a whole were not sufficient to advise the jury of the issues involved in the cause. Such contention appears to be well taken.

It appears from plaintiff's petition, defendants' answer, and the evidence introduced at the trial, that a decisive issue was made upon the question of which vehicle had the right of way. Plaintiff's petition alleges that the vehicle in which she was riding had entered and was crossing the intersection of Sixth Street and Central Street when the defendants' taxicab entered such intersection and negligently collided with the vehicle in which plaintiff was riding; that the defendant taxicab driver was negligent in that he entered the intersection at a high and unlawful rate of speed and without first coming to a stop and drove the taxicab into and against the vehicle in which plaintiff was riding, which said vehicle had the right of way over the taxicab. Defendants answered by denying that the defendant taxicab driver was in any way negligent and alleging that the collision was caused solely by the negligence of the driver of the vehicle in which plaintiff was riding in that such driver was driving at a high and dangerous rate of speed, in excess of the speed limit, and that such driver did not have his vehicle under complete control and violated the right of way regulations contained in the appropriate city ordinances. Defendants also pleaded contributory negligence on the part of the plaintiff.

The evidence adduced at the trial established without dispute that the defendant taxicab driver came to a complete stop before entering the intersection; that he then shifted into low gear and proceeded across the intersection at a speed of not over ten miles per hour; that after the taxicab had crossed over more than half of the intersection it was struck in the right side by the vehicle in which plaintiff was riding so violently that the taxicab was knocked sideways some ten to eighteen feet. The evidence as to the speed of the vehicle in which plaintiff was riding varied from an estimate of between 15 and 20 miles per hour given by plaintiff and the driver of the vehicle in which she was riding to an estimate of 50 miles per hour given by a by-stander eye witness to the collision. By city ordinance, the speed limit at the time and place of the collision was 15 miles per hour.

It is apparent that the issue of which vehicle had the right of way was a decisive issue in the case. Plaintiff contended that Sixth Street, upon which she was traveling, was a boulevard or protected through street, and that the vehicle in which she was riding therefore had the right of way. There was, however, no ordinance introduced showing that Sixth Street had in fact been designated as a boulevard or protected through street, and defendants contend that it had not been so designated and

that defendants' taxicab, having entered the intersection first, had the right of way under the appropriate city ordinances.

■ Although the question of which vehicle had the right of way was the major issue in the case, an examination of the entire body of the court's instructions reveals a complete absence of any instruction whatsoever relating to such issue. Such absence constitutes fatal error. Fisher v. Sturgeon, 205 Okl. 44, 234 P.2d 375, 376; Riser v. Herr, 187 Okl. 211, 102 P.2d 178; McIntire v. Burns, 172 Okl. 152, 42 P.2d 143. In the body of the opinion in Fisher v. Sturgeon, supra, we said:

"Raised by the pleadings and made a very vital issue in the evidence, was the question of who entered the intersection first and thus obtained the right of way by virtue of the above cited statute. The jury was not instructed on that issue. Plaintiff below, defendant in error here, argues that, since defendant did not request an instruction upon this issue, he cannot now be heard to complain, relying upon the cases of Armstrong v. Green, 113 Okl. 254, 241 P. 789, and Haynie v. Olson Drilling Co., 189 Okl. 527, 118 P.2d 230, among others. An examination of these cases, however, will reveal that in them, the violation of the rules of the road was not made an issue by the pleadings and evidence as was done in the case at bar. That is pointed out in the first above cited case in distinguishing it from the earlier case of Oklahoma Producing & Refining Corporation v. Freeman, 88 Okl. 166, 212 P. 742.

"The instant case is almost identical to, and is controlled by the case of Riser v. Herr, 187 Okl. 211, 102 P.2d 178, 180, wherein it was said: 'Upon the foregoing considerations, we conclude that the trial court erred in failing to instruct the jury as to which of two vehicles had the right of way, if they found that one of them entered the intersection before the other. * * * It is the duty of the court without a request and upon its own initiative to instruct the jury upon all of the vital factors of the tenable legal theories of both litigants concerning the issues of fact.' "

As their second proposition, defendants contend that the court erred in overruling their separate demurrers and motions for a directed verdict. Such proposition is based on defendants' contention that it was improper to join the defendant Subscribers at Casualty Reciprocal Exchange as a named party defendant in the action. Subscribers at Casualty Reciprocal Exchange is the liability insurance carrier for the defendants J. Tom Powell and Pauline Wadley, co-partners, d/b/a Yellow Cab Company. The City of Okmulgee had an ordinance requiring, as a condition precedent to the issuing of a license to operate a taxicab, the filing of an insurance policy with the city clerk, providing insurance coverage for each and every taxicab owned, operated or leased by the applicant, with a liability coverage of not less than five thousand dollars for the injury or or death of any one person. The defendant taxicab company had filed such a policy, issued by defendant Subscribers at Casualty Reciprocal Exchange, with the city clerk. Plaintiff contends that under such circumstances the joinder of the insurance company as a party defendant was proper. We have so held in Safeway Cab Co. v. McConnell, 181 Okl. 612, 75 P.2d 884, and Graves v. Harrington, 177 Okl. 448, 60 P.2d 622. Defendants however, contend that the city ordinance of the City of Okmulgee is invalid and in excess of the power of said city to enact and that such being the case the filing of the insurance policy here creates no joint liability and the joinder of the insurance company as a named defendant is therefore error under the rule established in Beverly v. Elam, 196 Okl. 15, 162 P.2d 180. The gist of defendants' argument is that a city has only such authority to regulate taxicabs and other vehicles operating on its streets as has been granted by the legislature; that the legislature, by virtue of 11 O.S.1951 §§ 1391 to 1395, 11 O.S.Supp. §§ 1392, 1395, inclusive, has granted authority to regulate taxicabs only to cities having a population according to the 1950 Federal

Census of at least 26,000; that the City of Okmulgee according to such census had a population of only 18,217 persons, and therefore was not one of the cities authorized by the legislature to regulate taxicabs and therefore had no authority to pass the ordinance in question and such ordinance is therefore void and ineffective.

 Such contention appears to be well taken. A city has only such authority to regulate taxicabs and other vehicles operating on its streets as has been granted by the legislature. Martin v. Rowlett, 185 Okl. 431, 432, 93 P.2d 1090; City of Tulsa v. Southwestern Bell Tel. Co., 10 Cir., 75 F.2d 343, 345; Sx parte Duncan, 170 Okl. 355, 65 P.2d 1015; Continental Casualty Co. v. Lolley, 193 Okl. 22, 140 P.2d 1014. In 1919 the legislature passed an act authorizing any city of this state to enact reasonable regulations pertaining to the use of automobiles for the carrying of passengers for hire within such city, and specifically authorizing regulations requiring a policy of insurance or bond covering liability in the case of each automobile used for carrying passengers for hire. Such statute appears at 47 O.S.1941 §§ 221 to 223. Pursuant to the authority so granted, the City of Okmulgee enacted ordinance No. 789, section 4 of which requires the filing of a liability insurance policy in specified minimum amounts with the city clerk of such city as a prerequisite to the obtaining of a license to operate a taxicab in such city. Such ordinance was undoubtedly valid when enacted, being specifically authorized by 47 O.S.1941 § 221, supra. In 1947, however, the legislature specifically repealed 47 O.S.1941 §§ 221 to 223, inclusive, which was the only source of the city's authority to enact and enforce such ordinance. There can be no doubt as to the intention of the legislature to repeal such sections, since the following provision is found in both Session Laws 1947, page 315, chapter 7, Section 6, and Session Laws 1947, page 321, chapter 7b, section 3:

"Repealing Clause. Sections 221, 222, and 223, Title 47, O.S.1941, and all other laws or parts of laws in conflict herewith are hereby repealed."

In lieu of the repealed statute, the legislature enacted a statute now found at 11 O.S. 1951 §§ 1391 to 1396, which authorized cities to regulate taxicabs, including regulation by requiring liability insurance coverage, but which specifically provided, in section 1395, that the act shall not apply to cities having a population of less than 30,000 according to the 1940 Federal Decennial Census. The population of the City of Okmulgee, according to the 1940 Federal Decennial Census, was considerably less than 30,000, a fact of which this court will take judicial notice. Kansas City Southern Ry. Co. v. Wood, 126 Okl. 275, 259 P. 262. In 1953 the act authorizing cities to regulate taxicabs, 11 O.S.1951 § 1391 to § 1396, supra, was amended so as to provide that the act should apply to, but only to, cities and towns having a population, according to the 1950 Federal Decennial Census, of at least 26,000 and not more than 200,000. Since the City of Okmulgee, according to the 1950 Federal Decennial Census, had a population of only 18,317 persons, it is apparent that such amendment did not bring such city within the purview of the act. The only other statute granting any authority to cities to regulate automobiles carrying passengers for hire is 47 O.S. 1951 §§ 227.1 to 227.5, which grants such authority to cities and towns having a population of more than 150,000 according to the 1940 Federal Census. Obviously the City of Okmulgee derived no authority from the enactment of such statute.

 The repeal of a statute under which an ordinance was enacted impliedly repeals the ordinance, where the statute is the only basis of municipal power and its repeal leaves the municipality without power to enact such ordinance. McQuillin, Municipal Corporations, 3rd Edition, Vol. 6, p. 272; City of Morganfield v. Wathen, 202 Ky. 641, 261 S.W. 12; Town of Lisbon v. Clark, 18 N.H. 234. The ordinance of the City of Okmulgee in question was therefore impliedly repealed by the action of the legislature in repealing 47 O.S.1941 §§ 221 to 223, which was the only basis of such city's power to enact such ordinance, and enacting in lieu thereof statutes which specifically withheld such power from such city. Section 4 of Ordinance 789 of the City of Okmulgee is therefore of no force and effect and the act of the defendants in filing an insurance policy with the city clerk of such city in compliance with such ordinance,

was purely a voluntary act not required by law. The voluntary filing of an insurance policy or bond not required by law does not render the insurer jointly liable in a negligence action against the insured since joint liability between insured and insurer arises only by operation of law and not by reason of the insurance policy or bond itself. Beverly v. Elam, supra. Since there was no joint liability between insured and insurer here, there was a misjoinder of causes of action and parties defendant resulting from the joining of the insurer as a party defendant. The court therefore erred in overruling the motion to strike the insurance company as a party defendant. (There is no contention that the insurer would not be secondarily liable in the event of judgment against insured.)

Plaintiff argues that the question of defect of parties defendant cannot be raised for the first time on appeal and that a general demurrer does not raise the question of defect of parties. Both of such contentions are undoubtedly correct, but we fail to see their application here. Defendants raised the issue of misjoinder of parties defendant by their motion to strike the defendant insurance company as a party defendant. The court overruled such motion and defendants excepted to such ruling, thus preserving their record. The question is therefore not presented for the first time on appeal. We have repeatedly held that a motion to strike is a proper way to attack a misjoinder of parties defendant. Barton v. Harmon, 203 Okl. 274, 221 P.2d 656, and cases therein cited.

As the other alleged errors complained of, such as the introduction in evidence of a picture of plaintiff's twin sons, will probably not occur upon a new trial, we do not find it necessary to deal with them herein.

The judgment is reversed and the cause remanded with instructions to sustain the motion to strike the defendant insurance company as a party defendant and to grant the remaining defendants a new trial.

JOHNSON, C. J., and CORN, HALLEY, JACKSON and HUNT, JJ., concur.

WELCH, J., dissents.